JUNGDORF, Respondent, vs. TOWN OF LITTLE RICE, Appellant.

*February 25—March 17, 1914.*

*Estoppel* in pais: *Contract for building bridge: Breach by town: Damages: Validity of oral agreement.*

1. Estoppel *in pais* is the preclusion of a party to assert an otherwise conceded right because by words or conduct he has misled the other party with respect to the existence or assertion of that right in such manner and to such degree that the position of the parties cannot be equitably restored.

2. Where plaintiff, who had contracted to build a bridge for a town, stopped work thereon because notified so to do by the town chairman, the fact that he did not, until after the town had paid a second contractor who completed the bridge, make any claim that he intended to resume work or to hold the town liable or any objection to the use of materials which he had on the ground, did not estop him from recovering for breach of the contract by the town; and upon the question of estoppel it is immaterial whether the town chairman had or had not authority to stop the work.

3. Where plaintiff contracted to build a bridge for a town which was to furnish and deliver the steel beams therefor at a certain place, failure of the town to furnish the steel as agreed was a breach which entitled plaintiff to treat the contract as at an end and to recover his damages.

4. In such case the value of plank purchased by plaintiff and delivered to him at the work, but used by a second contractor in completing the bridge, might be considered in assessing plaintiff's damages, whether he had paid for such plank or not.

5. Where an oral agreement, complete in its terms, was made and by direction of one party the other commenced to perform it, the fact that they contemplated the making of a written contract embodying the same terms and the giving of a bond for performance, which was never done, did not prevent the oral contract partly performed from taking effect.

APPEAL from a judgment of the circuit court for Oneida county: A. H. REID, Circuit Judge. *Affirmed.*

This action was brought for breach of a contract by which

the plaintiff agreed to do all the work and furnish all the materials except the steel superstructure in the construction of a bridge, for which he was to receive $450. The appellant was to furnish the steel delivered at a station called Bradley, and the plaintiff to take it from there and put it in the bridge. The answer averred that some such contract was attempted, but that the plaintiff was required to enter into a written contract and give bond for its performance. Without waiting for the execution of the contract to be completed he began work, doing the work in an unworkmanlike and improper manner, whereupon he was notified that his work would not be accepted. He abandoned the work and the contract was made with another person at an enlarged expense. It is also claimed that $81 was paid to the plaintiff to apply on his work. There was a special verdict, and in answer to the first question the court found that the parties made a valid oral contract to the effect aforesaid on or about December 27, 1912, and also that the plaintiff agreed to enter into a written contract and to furnish a bond for the faithful performance thereof. The jury found that the town board and county commissioners acting with them, after making said oral contract with the plaintiff, directed him to proceed with the construction of the bridge without waiting for the making of the written contract and bond. This was a litigated question of fact.

By the third question of the special verdict the jury found that the town did not deliver the steel under such circumstances that the plaintiff could take the same and complete the bridge within the contract period. In answer to the fourth question, that the plaintiff so far as he proceeded with the contract substantially complied with the terms thereof. In answer to the fifth question, that it would have cost the plaintiff $60 to complete the construction of the bridge according to contract had he received the steel. In answer to the sixth question, that the reasonable value of the materials

furnished and work done by the plaintiff in partial construction of the bridge was $390. It was not seriously disputed that the plaintiff was prevented from proceeding with the construction of the bridge, the claim of the defendant being that the town was justified in so doing because of improper work, nor that the plaintiff received the $81. Plaintiff was awarded judgment for $309 damages, being the $390 above mentioned less the $81 received.

The appellant assigns error, first, in the ruling of the trial court that there was no evidence to support an estoppel of the plaintiff; second, instructing the jury that they should take the value of the planks furnished by plaintiff into consideration in answering the sixth question; third, error in denying defendant's motion to change the answers to the second, third, and fourth questions of the special verdict, and other errors based upon the last mentioned.

The cause was submitted for the appellant on the brief of *John Van Hecke,* and for the respondent on that of *J. R. Pfiffner.*

TIMLIN, J. Quoting from the appellant's brief: "The chairman then notified plaintiff of the defective workmanship, and because of the condition of his work and because he had not given any bond as agreed upon, told him to not go near the works any more." It is then argued that plaintiff quit work upon this invitation and never completed the bridge, and the rebuilding of the bridge was relet to another in good faith, and the latter proceeded to construct it, and that plaintiff knew that this last work was being done and made no claim that he intended to resume work or to hold the town liable nor any objection to the use by the second contractor of the materials plaintiff had on the ground until after the town had paid the second contractor for building the bridge, hence there is evidence upon which an estoppel might be found. It seems very obvious that there is here no

element of estoppel. If the town officer rightfully forbade the plaintiff to continue because of defective workmanship or because the giving of the bond was a condition precedent to commencing the work, then the plaintiff should not recover, not because he is estopped, but because he failed to perform according to the contract. This argument assumes that the town officer was authorized to stop the work. If, having such authority, he stopped the work wrongfully, the plaintiff might treat that as a breach of contract on the part of the town and maintain this action without further demonstration or protest. If the town officer had no such authority the plaintiff might be defeated because he failed to perform. But in either case the law of estoppel would not apply. Estoppel *in pais* is where a party is not allowed to assert an otherwise conceded right because by words or conduct he has misled the other party with respect to the existence or assertion of that right in such manner and to such degree that the position of the parties cannot be equitably restored. But we need not inquire into the authority of this town officer to stop the work if defective, because there is some evidence that the work was done according to contract up to a point at which the plaintiff was ready for the steel beams, and that the town breached the contract by failure to deliver the steel as agreed or at the place agreed upon. This constituted such a breach of contract on the part of the town that the plaintiff could treat the contract as at an end by the default of the town and recover his damages, and he was not required to interfere with or protest to the second contractor or to the town or be noisily assertive. The weakest point in the plaintiff's case is upon the sufficiency of his performance up to the time of breach by the town. The evidence offered by defendant tends to show such a condition of negligent and inadequate performance that it is quite as bad as the manner of transacting town business is shown to be in this town. But the plaintiff testified that he constructed the work so far

as he went in accordance with the plans and specifications, and this was evidence which the jury had a right to believe. There was ample evidence to support the finding that the town failed to deliver the steel beams and also to support the finding that the plaintiff was ordered to proceed with the construction of the bridge without waiting for the written contract and bond.

If the uncontroverted evidence established that the parties made no completed oral contract, but only entered into preliminary negotiations to be followed by a formal contract containing material provisions not covered by the oral agreement, the verdict in this case could not stand. But there was evidence from which the jury as triers of fact might infer that the oral agreement was complete in its terms and that performance on the part of the plaintiff should commence at once without waiting for the execution of the written contract and bond. If this were true, then the fact that the parties contemplated making a written contract later embodying the same terms, but which they never fully consummated, would not necessarily prevent the oral contract partly performed from taking effect. *Francis H. Leggett & Co. v. West Salem C. Co.* 155 Wis. 462, 144 N. W. 969.

We find no error in the instruction to the effect that in estimating plaintiff's damages the jury might take into consideration the value of certain plank purchased by the plaintiff and delivered to him at the work but not paid for, which were afterward used by the second contractor in completing the bridge. These were the property of plaintiff and constituted material furnished by him to the town. Whether he still owed for them or not is a matter between third persons.

We find no other points of sufficient gravity to merit further attention.

*By the Court.*—Judgment affirmed.