584  NEW JERSEY MISCELLANEOUS REPORTS.

ANTHONY GIGLIO v. JAMES M. KRAEMER.

Argued January term, 1926—Decided June 23, 1926.

Contracts—Purchase of Motor Vehicle—Defendant Took in Part
Payment Another Car at $700 Which He Sold at $500—Plain-
tiff Defaulted and Defendant Returned $400, Retaining $100,
but Plaintiff was Still Entitled to $300 on Account of the
$700 Allowance—Judgment was for $200—Defendant's Offer
was for Valid Consideration, That is the Discontinuance of
Pending Action.

For the defendant-appellant, *Dembe & Dembe.*

For the plaintiff-appellee, *Samuel Cooper.*

PER CURIAM.

This action was tried in the Second District Court of
Jersey City, without a jury, and judgment was rendered for
the plaintiff for $200. The facts are somewhat complicated,
owing to the fact that the judge who tried the case resigned,
and is succeeded by another who certified the record.

In November, 1921, the plaintiff entered into a contract
to purchase from defendant a Dort automobile. The defend-
ant took in part payment an old Dort car at a valuation of
$700, and later sold the same for $500. Because of illness
the plaintiff defaulted in his contract, and the defendant re-
turned to him $400 and retained $100, but by reason of
the $700 allowance agreed upon this still entitled the plain-
tiff to a credit of $300.

The above facts became the subject of a suit before District
Court Judge O'Regan, during the trial, of which it was agreed
by defendant that plaintiff was entitled to a credit of $300
to be applied on the purchase price of a Dort car, or if
plaintiff should want another car at a lower price the credit
thus allowed was to be proportionately reduced. The action
was thereupon discontinued by the plaintiff.

The plaintiff subsequently offered to purchase a Dort car, but the defendant was unable to supply the same, and in lieu thereof offered to allow the plaintiff a credit of $200 if he would purchase a Maxwell car. Plaintiff refused the offer, unless the full credit of $300 was granted; defendant refused to make that allowance, and the plaintiff therefore brought this action.

The defendant's first point is that the court had no power to make the order sued upon, but the defendant admits that he voluntarily made the offer, and gave the plaintiff a receipt for the credit allowed. Whether or not the offer originated in the suggestion or so-called order of Judge O'Regan is immaterial, since the offer was actually made, and if necessary the state of demand could be amended to cover the actual situation. The case went to trial upon that theory, and we shall assume everything necessary where the record is deficient to support the judgment upon the theory upon which the case was tried.

The second point urged is that there was not evidence upon which damages of $200 could be predicated. The inference is that the judgment should have been for $300, but since this finding was beneficial to defendant he is not injured by a more beneficent result. We think the testimony supports the judgment.

The third point is that defendant's offer of $300 was *nudum pactum*. The record shows that the basis was the discontinuance of the action then pending, and the rule is well settled that such a concession presents a valid consideration for a promise.

The judgment will be affirmed.