## DYSON v. MOORE et ux.
### No. 3146.

Court of Civil Appeals of Texas. El Paso.
Dec. 20, 1934.

Rehearing Denied Jan. 17, 1935.

Millard Parkhurst, of McCamey, for appellant.

286

Hanson Womack, of McCamey, for appellee.

WALTHALL, Justice.

This case originated in the justice of the peace court and was appealed therefrom and tried de novo in the county court before the county judge without a jury; the trial resulting in a judgment against appellant and the sureties on appellant's bond in the sum of $200, interest, and costs of suit. From that judgment appellant prosecutes this appeal.

The facts as disclosed by the evidence show substantially the following: Appellee Jake Moore testified: In 1931, appellant, G. B. Dyson, owed him $543 on account. Appellee assigned the account to Martin-Glover Grocery Company of San Angelo as security for the payment of $300 which appellees owed that company. Appellant failed to pay the account, and Martin-Glover Grocery Company filed suit against appellant in Tom Green county. After suit was filed, W. A. Halamicek, representing Martin-Glover Grocery Company, appellant Dyson, and appellee Jake Moore "got together and made an agreement with Dyson (appellant) to dismiss the suit if Dyson would give Martin-Glover Grocery Company a note for $310 (of the $543 of the account) and would pay appellees the balance of $233." Appellant agreed to the above, and in furtherance of the agreement gave Martin-Glover Grocery Company his note for the amount agreed upon, and the Tom Green suit was dismissed. Appellant paid appellees on the assigned account, under the agreement "down to $200.00 and still owes this amount to us" (appellees). Appellee testified: "The above settlement grew out of some accounts that Dyson's Employees owed me for goods purchased, for which Dyson agreed to pay."

W. A. Halamicek testified substantially to the facts as above, and further that Dyson paid the $310 note "and agreed to pay plaintiffs (appellees) the balance."

Appellees' suit is for $200, the unpaid balance of the $543 assigned account to Martin-Glover Grocery Company, and which appellant, in the settlement, agreed to pay to appellees in consideration of the dismissal of the suit in Tom Green county, and the acceptance of appellant's note for $310 of said account by the grocery company.

Opinion.

Appellant submits three propositions. They are to the effect: The suit being upon an account stated the court erred in permitting appellee to testify, over objection, that appellant agreed to pay him a certain sum of money where no previous account had been shown to exist between the parties, and no consideration shown for such agreement, this being the only evidence upon which the court could have based its judgment; "error in rendering judgment for appellee, the evidence not showing that an account, susceptible of becoming stated ever existed, a balance struck and assented to that would show an account stated. Error in rendering judgment for appellee for the reason that it appeared from the evidence of appellee that the account sued on was the debt of another person, not evidenced by a memorandum in writing signed by appellant and within the statute of frauds." Rev. St. 1925, art. 3995.

As complained of under the first proposition, the court permitted the appellee Jake Moore to testify over objection: "Defendant agreed to pay me the sum of $243.00 in addition to the $300.00 he was agreeing to pay Martin-Glover Grocery Co."

As shown by the question to which the above was an answer, the appellee was being interrogated as to what took place at the time appellee Halamicek and appellant agreed on a settlement of the $543 account assigned by appellee to the Martin-Glover Grocery Company. Appellant's objection to the question and answer was that "no previous account had been shown to exist"; "no consideration was shown for such an agreement"; "that it appeared from the pleading that it was an alleged agreement to pay the debt of other persons, not in writing." We have concluded that error is not made to appear.

The statement of the nature and result of the suit as agreed to by the parties and accepted by the court, and made a part of the record, shows that the pleadings were oral. The agreed statement of the nature and result of the suit shows that the suit was not confined to the stated account as in the justice court, but appellee pleaded the facts testified to as stated above; that is, appellant's indebtedness to appellees in the sum of $543, the assignment of the account, the settlement of the Tom Green suit and its dismissal, appellant's agreement as a part of the settlement to pay appellees the balance of the account, and the payment of a part of it. The suit in the county court embraced the new promise of appellant to pay the amount sued for, and was not a suit alone, if at all, on the stated account.

We think (under the evidence and the agreed statement of facts) the statute of frauds has no application.

The dismissal of the Tom Green county suit was a sufficient consideration for the promise to pay the balance of the account to appellee.

The case is affirmed.