ESTATE OF BRIESE: GRUENEBERG and others, Appellants, vs. BRIESE, Administratrix, Respondent.

*September 11—October 7, 1941.*

The cause was submitted for the appellants on the brief of *Geo. A. Hartman* of Juneau and *Lueck, Skupniewitz & Lueck*

of Beaver Dam, and for the respondent on that of *Spohn, Ross, Stevens & Lamb* of Madison.

WICKHEM, J. This appeal presents the single question whether the attorney for a party to litigation is subject to examination under sec. 326.12, Stats., as an agent of such party. At this stage it may be well briefly to detail the facts giving rise to the litigation. Martha Briese, widow and sole heir of decedent, petitioned for administration of this estate. The petition was granted and Mrs. Briese appointed administratrix, entering her duties in March, 1940. Geo. B. Swan was retained as her attorney. Thereafter, Arthur D. Grueneberg and other relatives of decedent's first wife, who died in 1935, filed a petition seeking probate of what is alleged to be the last will and testament of deceased. The petition asserts that this will has been lost or destroyed without the participation of testator and that proponents seek to prove a copy. The administratrix filed objection to the probate of the alleged will upon the ground that the instrument filed by proponents is not a copy of any will executed by the decedent, and that if decedent did execute a will he destroyed it and therefore revoked it. Mr. Swan, after preparing and filing the objections, realizing that since he was named as a witness to the alleged lost will he might become a material witness in the trial of the objections, withdrew as attorney, and new counsel was engaged. It was sought to examine Mr. Swan under the statute.

Appellant contends that an attorney is an agent for his client and as such may be examined under the statute. Sec. 326.12 (1), Stats., provides:

"326.12 *Discovery examination before trials.* (1) *Persons subject thereto.* The adverse examination of a party, or any person for whose immediate benefit any civil action or proceeding is prosecuted or defended, or his or its assignor, officer, agent or employee, or of the person who was such officer, agent or employee at the time of the occurrence made

the subject of the examination, may be taken by deposition at the instance of any adverse party upon oral or written interrogatories in any civil action or proceeding at any time before final determination thereof, but the deponent shall not be compelled to disclose anything not relevant to the controversy. Each of said persons may be so examined once and no more, except when examined before issue joined, in which case he may be again examined after issue joined, upon all the issues. If the examination is taken after the complaint is served, but before issue is joined, it may extend to all the allegations of the complaint."

The respects in which a lawyer so resembles an agent as to be not inaccurately referred to as such are all marshaled by appellant in support of his contention. Having pointed out the resemblances appellants argue that the attorney must be treated as an ordinary agent and included within the scope of sec. 326.12, Stats. We are satisfied that this contention is not valid, at least as to an attorney whose agency is predicated upon his retainer for the very litigation in which discovery is sought. We cannot believe that the legislature intended to render attorneys of the various litigants subject to examination under sec. 326.12 merely because they were retained in the litigation. What the statute intends is that those who acted for or on behalf of the party in the transaction which is the subject of the examination may be examined under this section. Such is never the situation with an attorney who simply has a retainer to handle a particular litigation. By hypothesis he was not the agent of the client until his retainer and would know only by hearsay the operative facts which happened before his retainer. Since the statute unambiguously makes subject to examination only those who were agents at the time of the occurrence made the subject of the examination he could not be examined upon these matters even apart from the hearsay objection. As to matters happening since his retainer his privilege as an attorney would prevent their disclosure. Hence, the application of the statute to an

attorney engaged for the litigation would be wholly unproductive of useful information and we cannot believe that the statute intended to include such an attorney within the definition of agency. Indeed, the quotation relied on by appellant from 1 Jones, Evidence (4th ed.), p. 492, § 258, excludes such an attorney from its definition of agent. The author said:

"An attorney who is retained generally or without reference to pending litigation is but an agent."

The implication is plainly that one retained for pending litigation is not to be treated as a mere agent. Counsel on neither side were able to cite any cases bearing upon this question, but we attribute the scarcity of cases to the fact that the foregoing analysis has never been questioned on the part of the bar generally. In this case it might further be pointed out that the papers disclose that Mr. Swan was sought to be examined concerning facts occurring before his retainer by respondent and before he had under any possible construction of his status a representative relation with administratrix. Hence, even if he were to be held an agent by reason of his retainer he certainly was not an agent of the administratrix at the time of the occurrence which was the subject of the examination. We consider that the trial court was clearly right in its conclusions. We do not mean to intimate by the foregoing that a person admitted to practice law may never be an agent, and we have no doubt that there are circumstances under which he may be an ordinary agent subject to examination under sec. 326.12, Stats. We see no useful purpose in discussing hypothetically the various situations in which one who has the status of an attorney may or may not properly be considered an ordinary agent and subject to the operation of this section.

*By the Court.*—That part of the order appealed from is affirmed.