LOGEMANN and wife, Respondents, vs. LOGEMANN and wife, Appellants.*

*September 11—October 10, 1944.*

* Motion for rehearing denied, with $25 costs, on December 19, 1944.

For the appellants there was a brief by *Rowan & Kalaher* of Milwaukee, and oral argument by *Frank J. Rowan*.

*Ira S. Lorenz* of Milwaukee, separately for the appellant Dorothy Logemann.

For the respondents there was a brief by *Roehr & Steinmetz* of Milwaukee, and oral argument by *Chris. Steinmetz.*

FAIRCHILD, J.    It appears to be established that appellants acquired a business which had belonged to one of the respondents; that in the securing and reorganizing of that business they agreed that in consideration of certain assistance offered by a brother of one of the respondents, to give the respondent, Otto Logemann, a substantial interest in the reorganized business.    There was a failure to perform on the part of the appellants and, because of this, these respondents began a suit in equity seeking to compel the appellants to carry out that agreement.    When that suit was reached for trial a series of conferences occurred and a new agreement was made under which, in consideration of the dismissal of the suit for specific performance, the appellants would pay to respondents "for their support and maintenance, the sum of fifty dollars ($50) a month during the term of their lives."

The present action is to recover amounts due under the last agreement.    The appellants offer an objection based on a theory that because the order dismissing this suit for specific performance does not set forth the terms which induced the dismissal of the suit, no testimony may be introduced bearing thereon.    Sec. 269.46 (2), Stats., does provide that no agreement, stipulation, or consent between parties or their attorneys shall be binding unless made in court and entered in the minutes or made in writing and duly subscribed by the parties to be bound; but the limitation is only in respect to the proceedings in the action.    The stipulation to end the suit in equity, ended that litigation.    A judgment was entered which still stands and upon which no attack is made.    The section of the statutes appellants seek to have applied cannot serve their purpose.    It was not intended to modify accepted contract law.    It has reference to stipulations directly affecting

the course of an action in court and does not control subsequent causes of action on different issues. That the consent to dismissal of a *bona fide* cause of action is ample consideration to support a new promise is well-settled. *Levis v. Black River Improvement Co.* (1900) 105 Wis. 391, 81 N. W. 669; *Giglio v. Kraemer* (1926), 4 N. J. Misc. 584, 133 Atl. 778; *Dyson v. Moore* (1935 Tex. Civ. App.), 78 S. W. (2d) 285. The ruling that there was competent evidence that the agreement was in fact made, must be upheld.

The appellants further object to the amount of the recovery. Judgment was allowed for $3,050 and interest, much of which fell due after commencement of the action. But these instalments became due while the matter was pending in court. The allowance of such instalments under the circumstances here prevailing is in no way prejudicial to appellants. *Smith v. Crucible S. C. Co.* (1920) 172 Wis. 308, 178 N. W. 566.

*By the Court.*—Judgment affirmed.