BALZER and wife, Respondents, vs. WEISENSEL, Appellant.

*February 7—March 6, 1951.*

*W. Curtis Farmer* of Sun Prairie, for the appellant.

For the respondents there was a brief by *Roy B. Hovel* of Sun Prairie, attorney, and *Spohn, Ross, Stevens & Lamb* and *Edwin C. Pick* of counsel, all of Madison, and oral argument by *Mr. Pick* and *Mr. Hovel*.

HUGHES, J. Counsel for appellant contends that the judgment must be reversed because the findings upon which it is based are contrary to the great weight of the evidence.

The trial court found that the stipulation did not contemplate the signature of the defendant and was complete without it.

Counsel contends that there being upon the face of the document language that the stipulation was entered into by the parties and their attorneys and a line for the defendant's signature, it shows conclusively that the stipulation was to be binding only when signed by the parties. It is urged that plaintiffs have not proved that defendant's attorney had authority to enter into the stipulation on behalf of his client.

The rule generally is that an attorney has no power to bind his client by a compromise agreement.

"While the general rule is usually applied at any stage of the proceedings to enforce a claim, from the time it is placed in the hands of the attorney until final judgment and satisfaction thereof, a distinction is recognized . . . as to the power of an attorney to compromise during the progress of the suit in open court and at other times, . . ." Anno. 66 A. L. R. 121.

This court has recognized unusual power in attorneys engaged to handle litigation.

"Indeed, the quotation relied on by appellant from 1 Jones, Evidence (4th ed.), p. 492, sec. 258, excludes such an attorney from its definition of agent. The author said:

" 'An attorney who is retained generally or without reference to pending litigation is but an agent.'

"The implication is plainly that one retained for pending litigation is not to be treated as a mere agent. Counsel on

neither side were able to cite any cases bearing upon this question, but we attribute the scarcity of cases to the fact that the foregoing analysis has never been questioned on the part of the bar generally." *Estate of Briese* (1941), 238 Wis. 516, 519, 300 N. W. 235.

In *Shequin v. Shequin* (1915), 161 Wis. 183, 186, 152 N. W. 823, plaintiff wife sued for divorce from bed and board and the trial court entered judgment for divorce absolute. She appealed. The court affirmed the trial court and said:

"The record shows that the judgment was entered by consent of the attorneys for the plaintiff.

". . . the consent of the plaintiff's attorneys to the rendition of the judgment is binding upon plaintiff and the prayer of the complaint may be treated amended accordingly."

In *Milwaukee v. West Allis* (1941), 236 Wis. 371, 384, 294 N. W. 625, it was said:

"We consider that both parties should be bound by the agreement made by the counsel before the commission. It is comparable to a stipulation made in open court, acted upon by the court. Such stipulation binds both parties according to its terms."

Upon all of the facts and circumstances of this case we are of the opinion that there was ample evidence to hold that defendant had clothed his attorney with apparent authority to settle a case involving as little as this case did. Certainly, if the attorney exceeded his authority by settling a case which his client wished to litigate, the defendant had the burden of demonstrating this to the trial court upon learning of such unauthorized act. This he failed to do when the opportunity was accorded upon the hearing on the order to show cause.

We are satisfied that the findings are not against the great weight of the evidence but rather that the record sustains the trial court's conclusions that the stipulation was authorized by the defendant. The judgment based thereon is valid.

*By the Court.*—Judgment affirmed.