CITY OF MILWAUKEE, Respondent, vs. SCHOMBERG and others, Appellants.

*February 2—March 2, 1954.*

For the appellants there was a brief by *Poss, Toelle & Schuler* and *Raymond H. Kleis,* and oral argument by *H. W. Schuler,* all of Milwaukee.

For the respondent there was a brief by *Walter J. Mattison,* city attorney, and *Clyde E. Sheets,* assistant city attorney, and oral argument by *Mr. Sheets.*

MARTIN, J.   The statute involved provides:

"326.12   DISCOVERY EXAMINATION BEFORE TRIALS.   (1) *Persons subject thereto.*   The adverse examination of a party, or any person for whose immediate benefit any civil action or proceeding is prosecuted or defendant, or his or its assignor, officer, agent, or employee, or of the person who was such officer, agent, or employee at the time of the occurrence made the subject of the examination, may be taken by deposition at the instance of any adverse party upon oral or written interrogatories in any civil action or proceeding at any time before final determination thereof, but the deponent shall not be compelled to disclose anything not relevant to the controversy.   Each of said persons may be so examined once and no more, except when examined before issue joined, in which case he may be again examined after issue joined, upon all the issues.   If the examination is taken after the complaint is served, but before issue is joined, it may extend to all the allegations of the complaint."

In *Estate of Briese* (1941), 238 Wis. 516, 518, 300 N. W. 235, the rule of law was stated as:

"What the statute intends is that those who acted for or on behalf of the party in the transaction which is the subject of the examination may be examined under this section."

Such rule was reiterated in *A. Gettelman Brewing Co. v. Milwaukee* (1944), 245 Wis. 9, 13 N. W. (2d) 541.

The question for determination here is whether Elmer Krieger is a proper person for adverse examination under the statute. We hold that he is.

It is conceded that Mr. Krieger was an employee of the respondent city of Milwaukee during the time the plan of improvement affecting these lands was prepared and completed. Did he, as such employee, act for or on behalf of the city of Milwaukee in the transaction which is the subject of the examination, to wit, the determination of necessity for condemnation of this property for public purposes?

On the preliminary questioning of the witness pursuant to Judge GEHRZ's order, he testified that his official duties were those of executive secretary of the board of public land commissioners; that the board was made up of two departments, the real-estate department and the city-planning department; and he served as co-ordinator between the two, the heads of the two departments working through him to the board. He admitted that he supervised the work of the city planner and his staff; that in connection with the proposed rezoning of the area here involved, he instructed the planning staff to prepare a neighborhood study and "I suggested in there that somewhere there should be a truck route to protect the residential area." Mr. Krieger further testified that he addressed a number of public meetings held by the board on the application to rezone; that he felt he was familiar with the subject matter.

From this preliminary testimony by Mr. Krieger it is clear that he acted for or on behalf of the city in the transaction which is the subject of the examination and, under the rule stated above, may be examined under sec. 326.12, Stats.

The lower court based its conclusion that further examination of the witness should be suppressed on *A. Gettelman Brewing Co. v. Milwaukee, supra.* That was an appeal from an award of compensation for the taking of property in condemnation proceedings and the sole issue to be determined

was the value of the property taken. On the trial the court permitted the Gettelman Company to call and examine as adverse witnesses Robert Filtzer, a member of the city board of assessment, John Dvorak, a former city assessor, and Frank Harder, the city real-estate agent.

The court applied the rule of law expressed in *Estate of Briese, supra,* and held that it was error to allow the witnesses to be examined adversely. This question was only one of many presented on the appeal, and while the court did not discuss the facts at length in the opinion it appears from the cases and briefs on file here that the three witnesses were called adversely and then the Gettelman Company examined them as expert witnesses on their knowledge of real-estate values. This it had no right to do. If the company wished to elicit expert opinion evidence, it should have examined them on direct. The information sought was not such as was acquired by the witnesses in connection with the transaction under consideration, and for that reason their testimony as adverse witnesses was held to be improper. We do not have that situation here.

It was also argued by respondent that to allow Krieger to be examined adversely will amount to questioning the motives of a legislative body, the city council, since it adopted the resolution for condemnation. We wish to point out, however, that where private property is to be taken for public use against the consent of the owner, the question of necessity is not determined by the city council but by a jury. Sec. 2, art. XI, Wisconsin constitution.

Respondent objects to the subpoena *duces tecum* served upon Elmer Krieger as requiring the production of certain documents and records which are immaterial and irrelevant to the issue of necessity. We need only say that the question of the materiality or relevancy of any such documents is not before us on this appeal. This can be determined at the examination of the witness.

*By the Court.*—Order reversed and cause remanded with instructions to permit the adverse examination of Elmer Krieger.