TOMEK, by Guardian, Appellant, vs. FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY and another, Respondents.

*January 10—February 8, 1955.*

For the appellant there were briefs by *Arthur DeBardeleben,* attorney, and *Cecil T. Rothrock* of counsel, both of Park Falls, and oral argument by *Mr. DeBardeleben.*

For the respondents there was a brief and oral argument by *Thomas M. Anich* of Ashland.

GEHL, J.   The applicable statutes are as follows:

"325.22 COMMUNICATIONS TO ATTORNEYS. An attorney or counselor at law shall not be allowed to disclose a communication made by his client to him, or his advice given thereon in the course of his professional employment. This prohibition may be waived by the client, and does not include communications which the attorney needs to divulge for his own protection, or the protection of those with whom he deals, or which were made to him for the express purpose of being communicated to another, or being made public."

"326.12 DISCOVERY EXAMINATION BEFORE TRIALS. (1) *Persons subject thereto.* The adverse examination of a party, or any person for whose immediate benefit any civil action or proceeding is prosecuted or defended, or his or its assignor,

officer, agent, or employee, or of the person who was such officer, agent, or employee at the time of the occurrence made the subject of the examination, may be taken by deposition at the instance of any adverse party upon oral or written interrogatories in any civil action or proceeding at any time before final determination thereof, but the deponent shall not be compelled to disclose anything not relevant to the controversy. . . ."

Obviously the plaintiff desires in part, at least, discovery of facts within the knowledge of the attorneys which were not communicated directly to them by their client, although they became acquainted with such facts while professionally engaged as attorneys for the client.

The controversy involves the interpretation of sec. 325.22, Stats. The provision is narrow. It simply precludes an attorney from disclosing a communication "made by his client to him." He is not precluded by its provisions from testifying as to transactions had with or communications made to him by third persons even though those matters came to his knowledge in consequence of his retainer as an attorney.

Apparently counsel sought in *Herman v. Schlesinger,* 114 Wis. 382, 90 N. W. 460, application of the common-law rule which was stated in *Dudley v. Beck,* 3 Wis. *274, *284, as follows:

"We think the cases in this country and in England, taken together, establish the doctrine that an attorney cannot be compelled to disclose, at the instance of a third person, any matter which came to his knowledge, in consequence of his employment, even though such business had no reference to legal proceedings begun, or apprehended."

In answer to counsel's contention made in *Herman v. Schlesinger, supra,* the court said (p. 393):

"It was claimed on the trial that the statutory privilege of secrecy includes all communications made to the attorney by reason of his professional employment, whether by his client or by third persons while he is in pursuit of his client's

business, and also to all knowledge obtained by him, whether from his client or otherwise, while in pursuit of the latter's business; and the court so ruled, excluding evidence of negotiations conducted for the defendant and his wife with third persons in respect to a matter material to the issues of the case. Manifestly, the language of the statute does not justify such ruling. Communications made to an attorney by a person while the attorney is dealing with such person as agent, merely, or agent and attorney, or attorney and counselor, of another, are in no sense communications made by the latter to such attorney, of a confidential character or otherwise. Neither the letter nor the spirit of the statute, nor any decision made under it or any similar statute or the common law, of which the statute is merely declaratory, goes to that extent, so far as we are advised. In *Koeber v. Somers,* 108 Wis. 497, 84 N. W. 991, this court, speaking by Mr. Justice Dodge, held that the privilege of secrecy as between attorney and client, recognized by the statute, extends only to those communications made by the latter to the former which are of a confidential character and made for the purpose of enabling the attorney to serve his client, and the legal advice given to the client in response to such communications; that when the attorney goes forth to perform a service for his client, with a third person, communications between such third person and the attorney are not within the privilege of secrecy."

It is difficult to reconcile the principle declared by the statute and accepted by the court with the common-law rule of which the statute has been said to be but a mere re-enactment, *Herman v. Schlesinger, supra; Koeber v. Somers,* 108 Wis. 497, 84 N. W. 991; *Will of Downing,* 118 Wis. 581, 95 N. W. 876, but the statute does not permit us to extend the benefit of the privilege beyond the limits placed thereon by plain and unambiguous language.

We hold, therefore, that the attorneys in this case are forbidden to disclose only communications made by the defendants to them. That is not to say, however, that an attorney may be compelled to disclose all or any information which

has come to him otherwise than by direct route from his client. The information sought must be such as is available upon an examination, under the provisions of sec. 326.12, Stats., and the applicable rules. Certainly, information within the knowledge of the client and to which his adversary is not entitled, is not made available to the latter by the mere fact that it is also within the knowledge of the attorney and has come to the attorney by means of a communication made to him by a third person.

It would be desirable, if possible or even practicable, to indicate in this opinion what information the attorneys should be permitted to disclose. Since it is not every bit of information which an attorney has which may not be divulged by him as a witness, it follows necessarily that whether the information which he has is privileged must depend upon the nature of the demand of the adversary and the circumstances of the case. Until the demand for information is made and the precise nature of the information sought is disclosed it is impossible for the court, upon whom the law has cast the duty of deciding the question, to determine whether there should be disclosure.

The same is true with respect to the demand made in the subpoena in the instant case, that the attorneys produce certain books, records, documents, etc. There must, of course, be compliance with the subpoena and the papers produced upon the hearing. Whether their contents or information disclosed by them to the attorneys should be made known to the adversary will depend in each case upon the nature or character of the particular document sought to be used and the extent to which its use is sought.

We should not be misunderstood as declaring that there are no exceptions to the rule that an attorney may not disclose a communication made directly by his client to him. The statute itself provides certain exceptions. This court has recognized exceptions not contained in the statute, such for

instance, as the case where a client seeks advice of an attorney in connection with and before the commission of a crime and for the purpose of being guided in its commission; or where he seeks advice that will serve him in the perpetration of a fraud. These exceptions are recognized as being required in the interests of public policy and justice. We do not here pretend to recite all of the exceptions which have been recognized, but refer to some of them only to demonstrate that there are such exceptions, and to avoid any misunderstanding of our opinion.

It follows, therefore, that the court erred in suppressing the examinations and the defendants were entitled to no more than orders limiting them.

*By the Court.*—Orders reversed.

CURRIE, J. (*concurring*). Sec. 326.12, Stats., only permits the taking of the adverse deposition of a person as an agent of a party before trial in situations where such person was such agent "*at the time of the occurrence made the subject of the examination.*" In his opinion in *Estate of Briese* (1941), 238 Wis. 516, 300 N. W. 235, Mr. Justice WICK-HEM points out that this prevents an attorney retained for purposes of litigation being adversely examined before trial as to occurrences taking place before his retainer. In the ordinary "mine run" automobile accident case, this would preclude the taking of the adverse examination of an attorney employed after the accident to investigate the same and prepare for possible trial, because the investigation subsequent to the accident would ordinarily not be relevant to the issues raised by the pleadings.

In the instant case, however, the investigation made by the attorneys sought to be adversely examined is relevant to the issues raised by the pleadings, they having made the original investigation in behalf of the defendant Insurance Company. Sec. 204.34 (3), Stats., provides that failure to give timely notice shall not bar liability under the policy unless the in-

surer was prejudiced or damaged thereby, the burden to establish lack of prejudice or damage being upon the person claiming liability. Therefore, the testimony of the attorneys, who originally investigated the accident in behalf of the defendant Insurance Company, as to whether the delay in giving notice in any way hindered them in their investigation efforts, would be relevant on the issue raised by the policy defense which alleged failure of the insured to give timely notice of the accident.

For this reason it was error to suppress the attempted adverse examinations. Protection to the attorney witnesses against being compelled to disclose privileged communications in violation of sec. 325.22, Stats., may be afforded by securing a proper order limiting the scope of the examinations, or by interposing proper objections during the course of the examinations to questions calling for the disclosure of privileged matter.