AMERICAN CASUALTY COMPANY, Appellant, v. WESTERN CASUALTY & SURETY COMPANY and another, Respondents.

*January 8—March 5, 1963.*

178

For the appellant there was a brief by *Kivett & Kasdorf*, attorneys, and *James P. Reardon* and *Nonald J. Lewis* of counsel, all of Milwaukee, and oral argument by *Mr. Reardon*.

For the respondents there was a brief by *Mittelstaed, Heide, Sheldon & Hartley* of Kenosha, and oral argument by *William A. Sheldon*.

BROWN, C. J. If any agreement of settlement of the case American Casualty Co. v. Robinson upon state terms was reached between Mr. Lewis and Mr. Sheldon that agreement clearly did not conform to the requirements of sec. 269.46 (2), Stats., essential to make the agreement binding. Evidently American Casualty recognized this for it did not even present the agreement to the circuit court and ask for judgment upon it. If it had been so presented and the statute called to the court's attention that court would necessarily

have had to declare that the alleged agreement was not binding. Therefore American Casualty abandons all effort to enforce the terms of the alleged settlement in the action which the stipulation was designed to settle but seeks to accomplish the identical result by bringing a new action upon the same agreement.

To hold that the settlement, void in its inception, nevertheless provides grounds to declare it valid and to permit recovery upon it is in effect to repeal the statute. Very effectively we would be authorizing a party to do indirectly that which the statute prohibits him from doing directly.

Plaintiff contends, in substance, that it can enforce defendant's promise to pay in a different action and that its right is supported by our decision in *Logemann v. Logemann* (1944), 245 Wis. 515, 15 N. W. (2d) 800. In that case plaintiffs had brought action for specific performance of an agreement. While the action was pending an agreement was reached under which plaintiffs agreed to dismiss the action in consideration of a promise by defendants to pay plaintiffs the sum of $50 per month so long as either of them shall live. The action was dismissed on the merits and the first instalment paid but thereafter defendants declined to pay.

In the *Logemann Case, supra,* we said (p. 517):

"It [sec. 269.46 (2), Stats.] has reference to stipulations directly affecting the course of an action in court and does not control subsequent causes of action on different issues. That the consent to dismissal of a *bona fide* cause of action is ample consideration to support a new promise is well-settled."

We held the contractual obligation of defendants to make payments during the lives of plaintiffs enforceable in a second action.

We think the *Logemann* decision was sound, but fundamentally different on its facts. Undoubtedly the oral agree-

ment in that case would not have been binding had it been repudiated before the judgment of dismissal was entered in the original action but by entry of that judgment every part of the agreement pertaining to the original action was fully performed and the executory obligation did not pertain to the proceedings in the first action and was binding although not in writing nor made in court. The agreement in the *Logemann Case* contemplated an obligation which would exist after the termination of the pending action, while the agreement now before us did not.

We concur in the learned trial judge's decision granting summary judgment.

Appellant contends that the affidavits of respondents in support of their motion for summary judgment were fatally defective because in them affiant states that he believes there is no cause of action rather than following the statutory requirement that the affidavits shall state the moving party believes "that the action has no merit." Sec. 270.635 (2), Stats. For this reason appellant claims it was reversible error to grant the motion for summary judgment. We consider that the learned trial court correctly disposed of that contention as follows:

"The third objection is that defendants' affidavit failed to allege that plaintiff's action had no merit. The affidavit of the defendants did state 'that your affiant verily believes that there is no cause of action.' The court deems that a sufficient and substantial compliance with the summary-judgment statute. It does not appear from a reading of the cases cited by plaintiff's counsel that the court requires the use of the exact words of the statute."

While we think that the trial court was correct, we think also that when it is so easy to employ the words of the statute counsel skates unnecessarily on very thin ice in substituting other language in the hope that the trial and the appellate

courts will construe counsel's words as substantial equivalents to those used by the legislature. Nor can we welcome additional tasks of construction which would not be imposed on us by an observance of the language of the statutes upon which counsel must rely.

*By the Court.*—Judgment affirmed.