Anne **GLINIECKI**, Plaintiff,

v.

**BORDEN, INC.**, a **Foreign Corporation, et al.**, Defendants.

No. 73–C–612.

United States District Court, E. D. Wisconsin.

Feb. 6, 1978.

---

Gray & End, J. Michael End, Milwaukee, Wis., for plaintiff.

Foley & Lardner by James R. Clark, Steven E. Keane, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

In this action the plaintiff seeks damages from the defendants for injuries she allegedly suffered while working as a meat wrapper for the A & P food stores. The plaintiff claims that in the process of wrapping meat in plastic film manufactured by the defendants, the film exuded smoky fumes containing toxic agents, causing the plaintiff injury.

A trial was scheduled to begin in this action on September 12, 1977. On the morning of September 12, the court was informed by James R. Clark, counsel for Borden, Inc., that the action had been settled. In early October, however, the court was informed by the plaintiff's counsel, Harold Harris, that the previously-negotiated settlement had collapsed. Following a pretrial conference before me on October 19, 1977, the parties met with the magistrate in an unsuccessful effort to reach another settlement. At the October 19 pretrial conference, I set the case for a jury trial to begin on February 13, 1978.

Two motions are presently before me. Borden has filed a motion for an order either enforcing the settlement agreement

or requiring the plaintiff to pay the duplicative expenses Borden will incur in preparing for the February 13, 1978, trial as a condition to her right to continue this suit. Secondly, Mr. Harris' motion to withdraw as counsel for the plaintiff was granted. The order accompanying the motion which I signed on December 23, 1977, provided that J. Michael End be substituted for Mr. Harris as counsel for Mrs. Gliniecki. Borden challenges the substitution of counsel.

## I. MOTION TO ENFORCE SETTLEMENT AGREEMENT

Affidavits have been submitted on this motion both by James R. Clark, counsel for Borden, and by the plaintiff, Mrs. Gliniecki. Mr. Clark's affidavit states that on September 9, 1977, the Friday before the September 12 trial, he and Mr. Harris discussed the possibility of settling this case. Mr. Clark informed Mr. Harris that Borden would settle for $5,000 provided that the settlement were finalized before the end of the day. During the evening of September 9, 1977, Mr. Harris telephoned Mr. Clark at home to say that Mrs. Gliniecki had consented to settle the case for $5,000. The record indicates that the terms of this oral agreement between Mr. Clark and Mr. Harris have never been reduced to a writing signed by the parties or their attorneys.

Mrs. Gliniecki's affidavit states that on September 9, 1977, Mr. Harris called her and requested permission to discuss settlement. The plaintiff said that she would not approve a settlement without discussing it with her husband, who could not be reached at work that day, and "that he [Mr. Harris] should see what he could do regarding settlement of the case, and call my husband and me at 5:00 p. m. that day." During the evening of September 9, 1977, Mrs. Gliniecki received a telephone call from Mr. Harris, who stated that he "took it upon [him]self to settle the case" for $3,000. Mrs. Gliniecki later learned that the case had been settled for $5,000, not $3,000. She denies that a settlement for either sum has ever been acceptable to her.

I must first determine whether state or federal law applies to the enforceability of settlement agreements in this diversity action. The pertinent state law, Wis.Stat. § 807.05, provides that

"No agreement, stipulation, or consent between the parties or their attorneys, in respect to the proceedings in an action or special proceeding shall be binding unless made in court and entered in the minutes or recorded by the reporter or made in writing and subscribed by the party to be bound thereby or the party's attorney."

In some diversity cases, federal courts have applied the law of the state in which they were sitting on the question of the requirements for enforcing a settlement agreement. *Albright v. R. J. Reynolds Tobacco Co.*, 350 F.Supp. 341, 348 (W.D.Pa.1972), aff'd, 3 Cir., 485 F.2d 678, cert. den. 416 U.S. 951, 94 S.Ct. 1961, 40 L.Ed.2d 301; *Bruce Realty Co. of Florida v. Berger*, 327 F.Supp. 507, 509 (S.D.N.Y.1971).

I believe that the plaintiff is correct in her contention that the Wisconsin statute requiring that stipulations be in writing is "in the nature of a statute of frauds." Such a conclusion casts § 807.05 as "substantive" law, which must be applied by a federal court in a diversity case, pursuant to *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1937), and its progeny.

Conversely, what appears to be a federal standard has also been applied in deciding whether a settlement agreement should be enforced. In *Kukla v. National Distillers Products Co.*, 483 F.2d 619, 621 (6th Cir. 1973), this standard and its purpose were explained as follows:

"The power of a trial court to enter a judgment enforcing a settlement agreement has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation . . . To effectuate this policy, the power of a trial court to enforce a settlement agreement has been upheld even where the agreement has not been arrived at in the presence of the court nor reduced to writing." (Citations omitted).

As already noted, I believe that Wisconsin law should be applied to the dispute over the enforceability of the asserted agreement. Although Wis.Stat. § 807.05 would appear to require that settlement agreements be in writing, case law establishes that the statute does not invariably preclude enforcement of oral settlements.

In *Krueger v. Herman Mutual Insurance Co.*, 30 Wis.2d 31, 139 N.W.2d 592 (1966), the Wisconsin supreme court upheld the trial court's determination that an oral settlement agreement be given full effect. Following an evidentiary hearing, the trial court found that the plaintiff's attorney was authorized by his client to settle the action, and judgment was entered on the oral agreement. Although *American Casualty Co. v. Western Casualty & Surety Co.*, 19 Wis.2d 176, 120 N.W.2d 86 (1963), determined that oral settlement agreements should not be enforced because of the requirements of Wis.Stat. § 269.46(2) (now § 807.05), *Krueger* is a more recent ruling on the matter of enforcing such oral arrangements.

■ I find, therefore, that the non-written character of the parties' agreement does not in and of itself preclude enforcement under § 807.05. The same result would obtain if federal law were applied. *Kukla v. National Distillers Products Co.*, supra, at 621.

However, I am unable to determine on the present record whether the oral agreement between Mr. Clark and Mr. Harris should be enforced. This stems from the fact that the affidavits squarely present a factual issue of Mr. Harris' authority to settle the action on Mrs. Gliniecki's behalf. While Mr. Clark's affidavit states "I specifically recall Mr. Harris telling me that Mrs. Gliniecki had consented to this settlement," Mrs. Gliniecki's affidavit, on the other hand, states that Mr. Harris said he made the decision to settle on his own and that she "at no time" authorized him to compromise the action. Although Mr. Harris has been deposed in regard to the settlement, the transcript of his deposition has not been filed with the court.

I believe that an evidentiary hearing should be held on the issue of Mr. Harris' authority to settle this case on Mrs. Gliniecki's behalf. See *Krueger,* supra. Such hearing was requested by Borden. The hearing will be held on Wednesday, February 8, 1978, at 9:30 A.M. I believe that one hour should be a sufficient amount of time to address the limited issue of Mr. Harris' authority to settle the case. Because of the limited time available for this hearing, counsel are directed to focus their inquiries on the limited issue of authority which is in dispute.

I expect to resolve Borden's motion to enforce the settlement agreement at the February 8, 1978, hearing. I do not reach Borden's alternative motion to condition Mrs. Gliniecki's further prosecution of this suit on her payment of Borden's duplicated expenses in preparing for the upcoming trial. However, this alternative request will be resolved before trial if Borden's application for enforcement is denied.

## II. MOTION FOR WITHDRAWAL AND SUBSTITUTION OF COUNSEL

Although I invited counsel to submit their views on the proposed withdrawal of Mr. Harris and substitution of Mr. End as counsel for Mrs. Gliniecki, I signed an order on December 23, 1977, authorizing the substitution. That order should be vacated if the defendant's objections to the substitution have merit.

■ Borden first contends that the substitution should not be permitted because the settlement should be enforced. However, Borden fails to suggest how substitution of counsel will affect a future decision regarding the settlement agreement. I therefore decline to modify my prior order on this ground.

■ In addition, Borden asserts that the plaintiff agreed to pay for the time spent by the defendant's experts, Dr. Donald Schlueter and Dr. Jack Peterson, in testifying at depositions. Borden asserts that such payment has not been made and that the substitution of counsel should be condi-

tioned on its receipt of the amount owed. I do not find this a valid basis for denial of the requested substitution. Borden does not contend that the plaintiff refuses to make such payment or that Mr. End will not comply with any agreement in this vein which was made previously.

I therefore conclude that the December 23, 1977, order allowing the plaintiff to substitute counsel shall stand.

Therefore, IT IS ORDERED that an evidentiary hearing, of one hour's duration, shall be held on Wednesday, February 8, 1978, at 9:30 A.M. Such hearing shall be addressed to the issue of Mr. Harris' authority, or the lack thereof, to settle the instant action on the plaintiff's behalf. In the event it is determined that the settlement agreement will not be enforced, the court will resolve before trial Borden's alternative contention that the plaintiff's continued prosecution of this suit be conditioned on her payment of Borden's duplicated expenses in preparing for the February 13, 1978, trial.