Gerald ADELMEYER, Rose Mary Adelmeyer and
Adelmeyer Farms, Ltd., Plaintiffs-Appellants,
v.

WISCONSIN ELECTRIC POWER COMPANY,
Defendant-Respondent.†

Court of Appeals

*No. 86–1037. Submitted on briefs October 17, 1986.—Decided
October 28, 1986.*

(Also reported in 400 N.W.2d 473.)

† Petition to review denied.

For the plaintiffs-appellants the cause was submitted on the briefs of *Joseph J. Beisenstein* and *Menn, Nelson, Sharratt, Teetaert & Beisenstein, Ltd.*, of Appleton.

For the defendant-respondent the cause was submitted on the brief of *Terrence C. Thom* and *Dorothy H. Dey* and *Prosser, Wiedabach & Quale, S.C.*, of Milwaukee.

Before Gartzke, P.J., Eich, and Sundby, JJ.

SUNDBY, J.  Gerald and Rose Mary Adelmeyer and Adelmeyer Farms, Ltd. (Adelmeyers) appeal from a judgment dismissing their complaint and enforcing an oral agreement settling their action for damages against the defendant, Wisconsin Electric Power Company (WEPCO). The sole issue is whether an oral agreement to settle an action which does not comply with sec. 807.05, Stats., is enforceable. We hold that it is not and reverse the judgment.

On March 11, 1986, the Adelmeyers, by their counsel, accepted WEPCO's oral offer to settle the action. On March 12, 1986, WEPCO confirmed the settlement in writing, returned a check for costs as part of the settlement agreement, and requested that the Adelmeyers cancel pending motions. On March 19, 1986, WEPCO forwarded to the Adelmeyers a release, stipulation and order for dismissal and draft in the amount of the agreed-upon settlement. Thereafter, the Adelmeyers advised WEPCO they were having "second thoughts." They did not sign the stipulation. WEPCO then moved the court to enforce the settlement. At the hearing on the motion, the Adelmeyers testified that their attorney had authority on March 11, 1986, to settle the lawsuit. On the basis of that admission, the trial court granted

WEPCO's motion to enforce the settlement and judgment was entered dismissing the complaint.

Section 807.05, Stats., provides:

> No agreement, stipulation, or consent between the parties or their attorneys, in respect to the proceedings in an action or special proceeding shall be binding unless made in court and entered in the minutes or recorded by the reporter or made in writing and subscribed by the party to be bound thereby or the party's attorney.

This statute is in the nature of a statute of frauds. *Oostburg State Bank v. United Savings & Loan*, 125 Wis. 2d 224, 232, 372 N.W.2d 471, 475 (Ct. App. 1985), *aff'd on other grounds*, 130 Wis. 2d 4, 386 N.W.2d 53 (1986). Thus, the statute is an exception to the usual rule that oral contracts are binding. The trial court relied on *Krueger v. Herman Mut. Ins. Co.*, 30 Wis. 2d 31, 139 N.W.2d 592 (1966), in which the court enforced an oral settlement agreement between the defendant and the plaintiff's attorney. *Krueger*, however, has no application since that was an action to enforce an oral agreement to settle a dispute which had not yet reached the point of commencement of a legal action.[1] Section

---

[1] The appellant's brief in *Krueger v. Herman Mut. Ins. Co.*, 30 Wis. 2d 31, 139 N.W.2d 592 (1966), stated in "Nature of Appeal" : "The Court granted judgment to defendant insurance companies upon their affirmative defense that the plaintiff's cause of action was settled prior to the commencement of this action on August 15, 1961." Wisconsin State Law Library, 2941 *Appendices and Briefs*, Case No. 4, Appellant's Brief at 1. The defendants argued sec. 269.46(2), Stats. (1961), was inapplicable because it was limited to settlement of an action or special proceeding. *Id.*, Brief of Defendant Herman Mutual Insurance Company at 9.

269.46(2), Stats. (1961) (the predecessor of sec. 807.05, Stats.), was not mentioned because it had no application.

WEPCO also relies on *Gliniecki v. Borden, Inc.*, 444 F. Supp. 619 (E.D. Wis. 1978). In that case the court held: "I find . . . that the non-written character of the parties' agreement does not in and of itself preclude enforcement under § 807.05." 444 F. Supp. at 622. However, the district court relied on *Krueger*; therefore, the value of *Gliniecki* as an interpretation of Wisconsin law is questionable.

We deem *American Cas. Co. v. Western Cas. & Surety Co.*, 19 Wis. 2d 176, 120 N.W.2d 86 (1963), controlling. In that case settlement negotiations were undertaken after commencement of an action and led to an oral agreement to settle the action. However, no written stipulation was entered in the court minutes or recorded by the reporter, and no written agreement was made. American Casualty commenced an action to enforce the agreement. The trial court granted Western Casualty summary judgment dismissing the action, based on sec. 269.46(2), Stats. (1961). The supreme court affirmed, and stated:

> If any agreement of settlement of the case American Casualty Co. v. Robinson upon state[d] terms was reached . . . that agreement clearly did not conform to the requirements of sec. 269.46(2), Stats., essential to make the agreement binding. Evidently American Casualty recognized this for it did not even present the agreement to the circuit court and ask for judgment upon it. If it had been so presented and the statute called to the court's attention that court would necessarily have had to declare that the alleged agreement was not binding. Therefore American Casualty abandons all effort to enforce the

terms of the alleged settlement in the action which the stipulation was designed to settle but seeks to accomplish the identical result by bringing a new action upon the same agreement.

To hold that the settlement, void in its inception, nevertheless provides grounds to declare it valid and to permit recovery upon it is in effect to repeal the statute. Very effectively we would be authorizing a party to do indirectly that which the statute prohibits him from doing directly.

*Id.* at 180-81, 120 N.W.2d at 88.

The understandable error made by the trial court herein was to assume that contract law controls. It does not. In *Logemann v. Logemann*, 245 Wis. 515, 517-18, 15 N.W.2d 800, 801 (1944), the supreme court said of sec. 269.46(2), Stats. (1941): "It was not intended to modify accepted contract law. It has reference to stipulations directly affecting the course of an action in court . . . . " In *Burmeister v. Vondrachek*, 86 Wis. 2d 650, 664, 273 N.W.2d 242, 248 (1979), the supreme court stated with respect to stipulations entered into pursuant to sec. 807.05, Stats:

> Finally, although these stipulations of settlement have occasionally been referred to as contracts, they are not governed by contract law. *See, e.g.: Hansen v. Oregon*, 11 Wis.2d 399, 402, 105 N.W.2d 815 (1960); *Thayer v. Federal Life Ins. Co.*, 217 Wis. 282, 285, 258 N.W. 849 (1935). Such stipulations may be enforced by the court and may only be avoided with the court's approval.

The reason for the rule is found in the holdings of both the state and federal courts that the statute is in the nature of a statute of frauds. As stated in *Oostburg State Bank*, 125 Wis. 2d at 232-33, 372 N.W.2d at 475:

The rule seeks to prevent disputes and uncertainties as to what was agreed upon. *Burnham v. Smith*, 11 Wis. 258, 259 (1860); *see also* 2 *Wisconsin Pleading & Practice* at § 18.04. Use of either of the alternative methods under the statute accomplishes this purpose.

■
If the statute is to serve its purpose its provisions must be enforced by trial courts. The statute "is explicit." *Wilharms v. Wilharms*, 93 Wis. 2d 671, 675, 287 N.W.2d 779, 782 (1980). In order for any agreement or stipulation between parties to litigation to be binding, it must be made in court and entered in the minutes or recorded by the court reporter; or made in writing and subscribed by the party or the party's attorney who is to be bound. These requirements have not been met in this case. The judgment dismissing the complaint on WEPCO's motion to enforce the settlement agreement is reversed.

*By the Court.*—Judgment reversed and cause remanded for further proceedings.