AFFORDABLE ERECTING, INC., Plaintiff-Appellant,†

v.

NEOSHO TROMPLER, INC., Defendant-Respondent.

Court of Appeals

*No. 2004AP2746. Submitted on briefs May 25, 2005.
—Decided July 6, 2005.*

**2005 WI App 189**

(Also reported in 703 N.W.2d 737.)

† Petition to review granted 9-8-05.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Robert N. Meyeroff*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Steven P. Bogart* and *Bridget M. Hubing* of *Reinhart, Boerner, Van Deuren, S.C.*, Milwaukee.

Before Brown, Nettesheim and Snyder, JJ.

¶ 1. SNYDER, J.   Affordable Erecting, Inc. appeals from an order enforcing a mediated settlement agreement between the parties and their insurers and dismissing Affordable's contract claim against Neosho Trompler, Inc. Affordable argues that the circuit erred when it determined that the contract claim was settled pursuant to a mediated agreement and also in holding that Affordable is equitably estopped from bringing its

claim. Because we agree that Affordable is estopped from bringing its claim, we affirm the order of the circuit court.

## FACTS

¶ 2. The parties originally entered into a contract whereby Affordable would relocate Neosho's equipment from Hustisford, Wisconsin to Hartland, Wisconsin. Affordable moved the equipment and demanded payment. On October 11, 2001, Affordable filed a complaint in Washington County Circuit Court alleging breach of contract by Neosho and claiming approximately $17,900 in damages.[1] Neosho answered and counterclaimed, alleging breach of contract and common carrier liability. Neosho alleged that its lathe was damaged during the move and it is not obligated to pay Affordable under the contract. Affordable brought in its insurer, Acuity, to defend against Neosho's counterclaims. General Casualty Company of Wisconsin, Neosho's insurer, intervened soon thereafter.[2] The circuit court ordered mediation.

¶ 3. On May 21, 2003, the parties and their insurers participated in mediation. The resulting mediated agreement provided that Acuity would pay $12,500, inclusive of all costs, disbursements, attorney fees and damages, to be disbursed as follows: $3500 to Affordable, $5000 to Neosho, and $4000 to General Casualty. All agreed not to bring any future claim or lawsuit against another for any alleged reason arising out of the same facts and issues that arose in Washington County Circuit Court Case No. 2001CV728. The parties and

---

[1] Washington County Circuit Court Case No. 2001CV728.

[2] General Casualty had paid $10,000 to Neosho for damages that were the subject of its counterclaim against Affordable.

their insurers released one another from any associated liability and agreed that the settlement was final and binding.

¶ 4.    Attorneys for Acuity, Affordable, and Neosho signed the mediated agreement. The owner of Neosho also signed. Affordable's attorney added a notation below the signatures that stated, "Settlement contingent on approval from Tracy Haferkorn [owner of Affordable] by May 22, 2003 at 12:00 p.m."[3]

¶ 5.    Acuity prepared a formal settlement document and a stipulation and order for dismissal. On June 4, 2003, Acuity sent the documents to the other parties for signatures, and attached the settlement checks accordingly. Neosho and General Casualty signed the documents and cashed the settlement checks. Affordable never signed the formalized settlement document or the stipulation and order for dismissal and it returned the settlement check to Acuity without cashing it.

¶ 6.    On July 24, the circuit court sent out an order for dismissal without prejudice on grounds that the matter had not been diligently prosecuted. On July 29, General Casualty sent a letter to the other parties requesting that execution of the formalized settlement agreement be completed. On August 18, Neosho followed up with a letter making the same request. Nonetheless, Affordable never signed the document.

¶ 7.    On March 2, 2004, Affordable filed a complaint in Waukesha County Circuit Court, alleging the

_____

[3] References to the "mediated agreement," "settlement agreement" or "settlement" are used throughout this opinion. Any reference to the "mediated agreement" specifically addresses the form that was produced at the conclusion of the mediation session and contains the handwritten contingency regarding Tracy Haferkorn's approval.

same facts and making the same claim against Neosho as it did in the original Washington county case. Neosho answered and counterclaimed for breach of the settlement agreement, declaratory judgment, breach of the original contract, and common carrier liability. By stipulation the venue was changed from Waukesha county to Washington county. Neosho subsequently filed a motion to enforce the settlement agreement and to dismiss Affordable's claim with prejudice.

¶ 8.   Upon briefs and affidavits submitted by the parties, the circuit court held that Affordable and Neosho had entered into a valid and enforceable settlement agreement and that Affordable was estopped from reasserting the contract claim against Neosho. The court dismissed the case with prejudice. Affordable appeals.[4]

## DISCUSSION

### *Standard of Review*

■

¶ 9.   The parties disagree as to the proper standard of review. Generally, a circuit court's decision to dismiss an action is discretionary and will not be disturbed on appeal unless the court erroneously exercised its discretion. *Johnson v. Allis Chalmers Corp.,*

---

[4] We observe that Affordable's appellate brief is devoid of pinpoint citations for the case law it invokes to support its legal contentions. WISCONSIN STAT. RULE 809.19 (2003–04) requires the appellant to support its contentions with citations conforming to the Uniform System of Citation and Supreme Court Rule 80.02. A citation to a specific legal principle from case law shall include a reference to the page number, or paragraph number if a public domain citation is available, where the legal principle may be found. SCR 80.02(3).

162 Wis. 2d 261, 273, 470 N.W.2d 859 (1991). While Neosho's motion was for dismissal, a motion confined to the pleadings, the circuit court also reviewed affidavits of the parties relating to the claims. Pursuant to WIS. STAT. § 802.06(3) (2003–04),[5] when "on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . ." Our review of summary judgment is de novo. *State Farm Mut. Auto. Ins. Co. v. Gillette*, 2001 WI App 123, ¶ 11, 246 Wis. 2d 561, 630 N.W.2d 527, *aff'd*, 2002 WI 31, 251 Wis. 2d 561, 641 N.W.2d 662.

¶ 10.    Furthermore, the circuit court ordered dismissal on two alternative grounds. First, the court determined that the mediated agreement complied with WIS. STAT. § 807.05. We will not disturb a circuit court's underlying findings of fact unless clearly erroneous; however, whether the facts fulfill a statutory requirement is a question of law that we review de novo. *Povolny v. Totzke*, 2003 WI App 184, ¶ 6, 266 Wis. 2d 852, 668 N.W.2d 834. Second, the court determined that dismissal was appropriate because Affordable is estopped from pursuing its claim against Neosho. Where the circuit court's findings of fact are not clearly erroneous, it is a question of law whether estoppel has been established. *See Milas v. Labor Ass'n of Wis., Inc.*, 214 Wis. 2d 1, 8, 571 N.W.2d 656 (1997). Once the elements of equitable estoppel have been established as a matter of law, the decision to actually apply the doctrine to provide relief is a matter of discretion. *Nugent v. Slaght*, 2001 WI App 282, ¶ 30, 249 Wis. 2d 220, 638 N.W.2d 594.

---

[5] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

¶ 11.   Affordable first argues that the circuit court erred when it concluded that a settlement agreement existed and complied with WIS. STAT. § 807.05. Specifically, Affordable asserts that a case is not settled unless the agreement is made in court on the record or is made in writing and signed by the parties or the parties' attorneys. The statute provides:

> No agreement, stipulation, or consent between the parties or their attorneys, in respect to the proceedings in an action or special proceeding shall be binding unless made in court or during a proceeding conducted under s. 807.13 or 967.08 and entered in the minutes or recorded by the reporter, or made in writing and subscribed by the party to be bound thereby or the party's attorney.

*Id.* Here, the agreement was not made in court or placed on the record. Although memorialized in writing, Affordable's attorney signed the mediated agreement with the express contingency that it required additional consent by Affordable's owner.

¶ 12.   Neosho responds that Affordable's attorney signed the mediated agreement and "assured the parties that [Affordable] would approve the settlement and did not inform any other party of the contrary until months after all of the other parties performed all of their obligations . . . and even after [Affordable] chose not to object to [dismissal] for failure of prosecution." In its written decision, the circuit court agreed, noting that a party's attorney has authority to sign an agreement on the party's behalf and that Affordable's attorney assured the other parties that Affordable would approve the settlement. Further, the court referenced Affordable's failure to inform the other parties that it

did not approve the settlement and its failure to act when advised by the court that the lawsuit would be dismissed for failure to diligently prosecute.

¶ 13.    Nonetheless, we agree with Affordable that the mediated agreement does not comport with the requirements of Wis. Stat. § 807.05. The verbal assurances of Affordable's attorney do not satisfy the statutory requirement that an agreement be "subscribed" by a party or the party's counsel. We have previously considered whether the term "subscribe" in the statute should be given an expansive meaning.

¶ 14.    We have rejected the contention that oral assurances satisfy the statutory requirements and concluded that Wis. Stat. § 807.05 is an exception to the general rule that oral agreements are binding. *Adelmeyer v. Wisconsin Elec. Power Co.*, 135 Wis. 2d 367, 372, 400 N.W.2d 473 (Ct. App. 1986). With § 807.05, our legislature added requirements for enforceability of an otherwise valid agreement when that agreement is reached while the claim is in the process of adjudication. *Kocinski v. Home Ins. Co.*, 154 Wis. 2d 56, 67, 452 N.W.2d 360 (1990).

¶ 15.    We have also rejected the argument that a party may subscribe to an agreement by his or her conduct alone. *Laska v. Laska*, 2002 WI App 132, ¶ 11, 255 Wis. 2d 823, 646 N.W.2d 393. We concluded that "the plain meaning of the term 'subscribe' requires that a party's assent or approval be formalized in some way on the document itself." *Id.*, ¶ 12.

¶ 16.    Because Wis. Stat. § 807.05 does not provide for a party to subscribe to an agreement through verbal assurances or general conduct, the mediated agreement between Affordable, Neosho, and the insurers is defi-

411

cient. *See Laska*, 255 Wis. 2d 823, ¶ 14; *Adelmeyer*, 135 Wis. 2d at 372. Consequently, the circuit court's determination that Affordable's attorney's verbal assurances along with Affordable's failure to diligently prosecute its claim complied with § 807.05 reflects an erroneous view of the law.

*Estoppel*

¶ 17.   The doctrine of estoppel, also called equitable estoppel, focuses on the conduct of the parties. *Milas*, 214 Wis. 2d at 11. The elements of equitable estoppel are:   (1) action or nonaction, (2) on the part of one against whom estoppel is asserted, (3) which induces reasonable reliance thereon by the other, either in action or nonaction, and (4) which is to his or her detriment. *Id.* at 11–12. The party asserting estoppel must prove the elements by clear, satisfactory and convincing evidence. *Id.* at 12 n.14.

¶ 18.   All of the elements required to invoke estoppel are present in this case. Affordable concedes the first two elements of estoppel, stating that "Affordable did not attend the mediation hearing and after the mediation hearing Affordable was not decisive in assuring all parties that the case was not settled." However, it disputes that Neosho reasonably relied on the mediated agreement because the contingent approval by Affordable was not forthcoming. Affordable contends that "Neosho knew or should have known two days after the mediation agreement was signed that Affordable would not agree to the settlement." We disagree.

¶ 19.   Here, the circuit court determined that Neosho, General Casualty, and Affordable's insurer, Acuity, acted in reasonable reliance on the mediated

agreement. Specifically, the court found that following mediation, Acuity "immediately circulated a draft version of the more formal Mutual Release and Settlement Agreement" and two weeks later sent the "stipulation and order for dismissal along with settlement payments to all parties." Furthermore, Acuity "acknowledged in its letter 'the above captioned matter has settled.'" Neosho and General Casualty signed the formalized settlement agreement and cashed their settlement checks. The court also observed that "[e]ven after the case was dismissed, [Affordable] sat back and did nothing for eight months, until March 2004 when it re-filed the exact same complaint, word for word, in Waukesha County." Based on the record, we conclude that Neosho had no reason to doubt that the settlement was final and binding.

¶ 20. Finally, equitable estoppel requires that "the party against whom estoppel is asserted caused another party to change position to his or her detriment." *Id.* at 13. Our supreme court has stated that "[i]n the context of . . . equitable estoppel, 'detriment' has been equated with 'prejudice,' and [has been] commonly understood to mean 'injury or damage.'" *Id.* (citation omitted).

¶ 21. In *Milas*, a discharged deputy sheriff proceeded to arbitration with the County. *Id.* at 12. The County fully participated in the arbitration. *Id.* One year after commencement of the arbitration proceeding and three months after announcement of the arbitration award, the County objected to the arbitrator's jurisdiction. *Id.* There, our supreme court determined that the deputy sheriff invested time and resources in an arbitration proceeding when, had he known of the County's objection, he may have sought review in circuit court. *Id.* at 13.

413

¶ 22.   Similarly, Neosho asserts that it invested time and resources in the original mediation process and is now required to defend the same claim a second time. Had Neosho known that Affordable would reject the mediated agreement and pursue its claim in court almost three years after the original action was filed, it may have chosen to defend the action and litigate its counterclaim in court or it may have pursued other dispute resolution options. Because of Affordable's non-action and Neosho's reasonable reliance thereon, Neosho chose to sign the agreement, cash the settlement check, and forego legal alternatives.

¶ 23.   Where the circuit court's findings of fact are not clearly erroneous, it is a question of law whether estoppel has been established. *See id.* at 8. Here, the record supports the findings of the circuit court and we hold that Neosho has demonstrated all of the elements of equitable estoppel.

### *Appropriateness of Summary Judgment*

■

¶ 24.   Finally, Affordable argues that summary judgment was inappropriate because facts are in dispute. Summary judgment is available where no material facts are in dispute and one party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). When we review a circuit court's grant of summary judgment, we view the facts in the light most favorable to the nonmoving party. *State Bank of La Crosse v. Elsen*, 128 Wis. 2d 508, 512, 383 N.W.2d 916 (Ct. App. 1986).

¶ 25.   Affordable primarily argues that whether or not a settlement agreement existed is a question of fact to be decided at trial. This mischaracterizes the inquiry.

The material facts underlying the disputed settlement agreement are that Affordable's attorney included a contingency on the mediated agreement that was never met, and that Affordable never signed the formalized settlement document. Given these undisputed facts, only a question of law remains: whether the mediated agreement conformed to the requirements for an agreement under WIS. STAT. § 807.05. *See Povolny*, 266 Wis. 2d 852, ¶ 6. Pursuant to our earlier analysis, we hold that it did not.

## CONCLUSION

¶ 26. We conclude that the mediated agreement between Affordable, Neosho, and the insurers is not binding under WIS. STAT. § 807.05 because a party's assent or approval must be formalized in some way on the document itself, rather than by verbal assurances or general conduct. *See Laska*, 255 Wis. 2d 823, ¶ 12; *Adelmeyer*, 135 Wis. 2d at 372. Nonetheless, we conclude that Affordable is estopped from reasserting the breach of contract claim. Dismissal of Affordable's action was therefore appropriate and we affirm the order of the circuit court.

*By the Court.*—Order affirmed.