289 Wis.2d 100 (2005)
2006 WI App 19
709 N.W.2d 88
IN RE the ESTATE OF Eric H. JOHNSON:
Velna I. WAITE, Appellant,
v.
EASTON-WHITE CREEK LIONS, INC., Respondent.
No. 2005AP1688.
Court of Appeals of Wisconsin.
Submitted on briefs November 1, 2005.
Decided December 22, 2005.
On behalf of the appellant, the cause was submitted on the briefs of Guy K. Fish of Fish Law Offices, Milton.
On behalf of the respondent, the cause was submitted on the brief of Dennis M. McFarlin, Friendship.
Before Lundsten, P.J., Vergeront and Deininger, JJ.
*101 ¶ 1. DEININGER, J.
Velna Waite appeals a circuit court order that implemented the terms of an agreement to settle a will contest. She contends that, *102 because her counsel did not "subscribe" the acceptance of the proposed settlement terms as required under WIS. STAT. § 807.05 (2003-04),[1] the agreement is not binding and the circuit court should not have enforced it. Because we conclude that the typed initials of Waite's attorney constitute subscription within the meaning of the statute, and because Waite does not claim that her attorney's initials were affixed to the acceptance without her attorney's authority, we affirm.

BACKGROUND
¶ 2. Waite filed the Last Will and Testament of Eric H. Johnson in the Adams County Circuit Court, together with a Petition for Special Administration. The court appointed her special administrator. The Easton-White Creek Lions, Inc. objected to the admission of the will and proffered an earlier will of the decedent for probate.[2]
¶ 3. The parties' attorneys engaged in settlement discussions. Pursuant to those discussions, the Lions' counsel faxed a letter to Waite's counsel outlining a settlement proposal. The faxed letter did not bear the attorney's signature, only his typewritten name appeared below the body of the letter. The attorney signed and mailed a copy of this letter to Waite's counsel on the same day that he faxed the unsigned copy. On the following day, Waite's counsel sent a "FAX TRANSMITTAL LETTER" to the Lions' counsel saying:

*103 I wish to advise you that my client accepts the settlement as outlined in your letter of [date]. It is my understanding you will be preparing a stipulation. I would also ask that you contact the court and advise the judge of our settlement.
The faxed acceptance bore the letterhead of Waite's counsel but not his signature. The "MESSAGE" portion of the document concluded as follows: "Yours very truly, GKF."
¶ 4. Waite's counsel subsequently informed the Lions' counsel that Waite would not honor the settlement agreement set forth in the faxed correspondence. The Lions moved the circuit court to enforce the agreement. The trial court granted the Lions' motion, concluding that Waite's counsel's typewritten initials were the equivalent of the rubber stamp signature held by the supreme court to be "subscription" for purposes of WIS. STAT. § 807.05 in Kocinski v. Home Ins. Co., 154 Wis. 2d 56, 64, 452 N.W.2d 360 (1990) (Kocinski II). The court entered an order that incorporated verbatim the settlement terms as proposed and accepted in the faxed correspondence. Waite appeals, claiming that her counsel's acceptance was not subscribed, thus rendering the agreement unenforceable against her under § 807.05.

ANALYSIS
¶ 5. Whether a settlement agreement is binding and thus enforceable by a court is a question of law we decide de novo. Cavanaugh v. Andrade, 191 Wis. 2d 244, 264, 528 N.W.2d 492 (Ct. App. 1995). To answer it, we must interpret and apply WIS. STAT. § 807.05 to the facts before us. See Laska v. Laska, 2002 WI App 132, ¶ 7, 255 Wis. 2d 823, 646 N.W.2d 393. The statute provides as follows:

*104 No agreement, stipulation, or consent between the parties or their attorneys, in respect to the proceedings in an action or special proceeding shall be binding unless made in court or during a proceeding conducted under ss. 807.13 or 967.08 and entered in the minutes or recorded by the reporter, or made in writing and subscribed by the party to be bound thereby or the party's attorney.

WIS. STAT. § 807.05 (emphasis added).
¶ 6. The settlement agreement in question was not "made in court ... and entered in the minutes or recorded by the reporter." Id. An out-of-court agreement "in respect to the proceedings in an action or special proceeding," in order to be binding on the parties, must be both in writing and subscribed by the party to be bound or that party's attorney. Id.; see Affordable Erecting, Inc. v. Neosho Trompler, Inc., 2005 WI App 189, ¶ 14, 286 Wis.2d 403, 703 N.W.2d 737 ("With § 807.05, our legislature added requirements for enforceability of an otherwise valid agreement when that agreement is reached while the claim is in the process of adjudication.").
¶ 7. There can be no dispute that the agreement before us meets the first requirement, that it be in writing. The letter the Lions' counsel faxed to Waite's counsel sets forth all of the material terms of the settlement agreement.[3] Waite's counsel confirmed the acceptance of those terms in a writing on the following *105 day. The reply fax from Waite's counsel informed the Lions' counsel that "my client accepts the settlement as outlined in your letter." Because Waite is the party the Lions seek to have bound by the agreement, the dispositive question is whether the typewritten initials of Waite's counsel at the conclusion of the acceptance letter satisfy the requirement that a writing evidencing an agreement be "subscribed by the party to be bound thereby or the party's attorney." WIS. STAT. § 807.05. We conclude that the faxed letter accepting the Lions' settlement proposal was subscribed by Waite's counsel, thereby binding Waite to the agreement.[4]
¶ 8. When we construe a statute, we begin with the language of the statute and give it its common, ordinary, and accepted meaning, except that technical *106 or specially defined words are given their technical or special definitions. State ex rel. Kalal v. Circuit Court for Dane County, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. The statutes do not define the term "subscribed" as used in WIS. STAT. § 807.05, but the term has been interpreted by case law. Because "a judicial construction of a statute becomes part of the statute unless subsequently amended by the legislature," Wenke v. Gehl Co., 2004 WI 103, 31 n. 17, 274 Wis. 2d 220, 682 N.W.2d 405, we will apply the judicial interpretations of "subscribed" to the facts before us.
¶ 9. The supreme court has concluded that a rubber stamp of an attorney's signature meets the subscription requirement under WIS. STAT. § 807.05:
[T]he requirement that a name be "subscribed" is to be distinguished from the requirement that there be a "signature." ... A signature is not required by sec. 807.05. The question here is controlled by long established and unquestioned Wisconsin case law. Mezchen v. More, 54 Wis. 214, 219, 11 N.W. 534 (1882), established that, under the statute then in effect, which provided that a summons in a civil action shall be "subscribed" by the plaintiff or his attorney, it was not necessary that the name of the plaintiff or his attorney be written in his own hand at the bottom of the summons, but could be printed.
Kocinski II, 154 Wis. 2d at 64. Waite would have us distinguish Kocinski II because her counsel's acceptance letter did not bear his rubber-stamped signature, but only his typewritten initials, which, she argues, is simply too many steps removed from an actual signature to qualify as "subscription." We conclude, however, that the holding in Kocinski II governs the present facts and requires that we affirm the order enforcing the parties' settlement agreement.
*107 ¶ 10. The supreme court's discussion of the subscription issue in Kocinski II is brief, perhaps because the court concluded that another facet of that case was dispositive. The court, however, specifically endorsed this court's conclusion and rationale regarding the meaning of "subscribed" as expressed in the decision under review, Kocinski v. Home Ins. Co., 147 Wis. 2d 728, 433 N.W.2d 654 (Ct. App. 1988) (Kocinski I). See Kocinski II, 154 Wis. 2d at 64. We began our analysis of the subscription issue in Kocinski I as follows:
[WIS. STAT. §] 807.05 is "in the nature of a statute of frauds." Adelmeyer v. Wisconsin Elec. Power Co., 135 Wis. 2d 367, 369, 400 N.W.2d 473, 473 (Ct. App. 1986). Like the statute of frauds, it is designed to avoid the difficulties inherent in oral agreements. See id. at 372, 400 N.W.2d at 475. As explained by the American Law Institute: "The primary purpose of the Statute [of Frauds] is evidentiary, to require reliable evidence of the existence and terms of the contract and to prevent enforcement through fraud or perjury of contracts never in fact made." Restatement (Second) of Contracts sec. 131 comment c (1981). Rule 807.05 serves the same purpose. The requirement in Rule 807.05 that the writing be "subscribed" should be construed in the same way as the similar requirement in the statute of frauds ....
Kocinski I, 147 Wis. 2d at 734-35.
¶ 11. We then pointed out in Kocinski I that the Restatement (Second) Contracts provides that, although "[t]he traditional form of signature is ... the name of the signer, handwritten in ink[,] ... initials, thumbprint or an arbitrary code sign may also be used; and the signature may be written in pencil, typed, printed, made with a rubber stamp, or impressed into the paper." Kocinski I, 147 Wis. 2d at 735 (citing Restatement, *108 sec. 134 comment a). Although not noted in Kocinski I, the Restatement also provides the following illustration:
A has a number of forms of letters printed ending with the words, "Yours very truly, A." With A's authority a clerk fills in one of the forms with the terms of an offer to B and sends it to B. B accepts orally. A's printed name is his signature.
Restatement (Second) of Contracts sec. 134 comment c, illus. 4 (1981).
¶ 12. Finally, we also relied in Kocinski I on several long-standing Wisconsin precedents that stand for the proposition that a party's or attorney's typed or printed name, if affixed with proper authority, satisfies a general statutory requirement that a document be "subscribed." See Kocinski I, 147 Wis. 2d at 735-36. For example, in Garton Toy Co. v. Buswell Lumber & Mfg. Co., 150 Wis. 341, 348, 136 N.W. 147 (1912), the supreme court rejected a defendant's argument that an order for lumber "was never subscribed by the plaintiff as required by [an 1898 statute], because it was signed in typewriting and hence was void under the statute of frauds," concluding instead that the typewritten name was "sufficient to meet the calls of the statute." And, in Mezchen v. More, 54 Wis. 214, 215-20, 11 N.W. 534 (1882), the court held that an attorney's printed name on a summons satisfied the statutory requirement that a summons be "subscribed by the plaintiff or his attorney."[5]
*109 ¶ 13. Applying our analysis in Kocinski I to the present facts, we conclude that the fax transmittal letter sent by Waite's counsel that bore his initials at the conclusion of the message text was "subscribed" within the meaning of WIS. STAT. § 807.05, thereby rendering the settlement terms accepted in that letter binding on Waite and enforceable by the court. As the supreme court noted in Mezchen, "[t]he important question is, was it signed by [the attorney's] authority?" Mezchen, 54 Wis. at 219. Waite does not claim that her counsel's initials were affixed to the acceptance without his authority.[6] Accordingly, the circuit court did not err in enforcing the settlement agreement.

CONCLUSION
¶ 14. For the reasons discussed above, we affirm the appealed order.
By the Court.  Order affirmed.
*110 
NOTES
[1] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] We do not discuss either the grounds for the Lions' objection to the will filed by Waite or the terms of the parties' settlement agreement. Neither are necessary to the resolution of this appeal.
[3] The faxed copy of this letter was not signed by counsel, although a signed copy of the letter was sent to Waite's counsel on the same date the fax was sent. Because the Lions Club is not "the party to be bound" in the present dispute, the subscription or not of this particular document is not material to our disposition. As we discuss with respect to the reply fax from Waite's counsel, however, the letter from the Lions' counsel proposing settlement terms was also "subscribed" within the meaning of WIS. STAT. § 807.05 because it bore counsel's typewritten name.
[4] Waite does not argue that, in order to be enforceable under WIS. STAT. § 807.05, all parties to a settlement agreement (or their attorneys) must "subscribe" the same document, or that all material terms of the agreement must be contained in the same document that is subscribed by the party to be bound. We see no reason that an exchange of letters between counsel cannot constitute a binding settlement agreement under § 807.05, provided all material terms are in writing and are clearly accepted in a writing subscribed by the party to be bound or that party's attorney. Cf. Marks v. Gohlke, 149 Wis. 2d 750, 752-53, 439 N.W.2d 157 (Ct. App. 1989). There can be no dispute that the written proposal from the Lions' counsel set forth all material terms of the agreement enforced by the court against Waite and that her counsel's return fax clearly communicated the acceptance of those terms.
[5] We note that the cited precedents and our present conclusion apply to the term "subscribed" when the term is not otherwise defined, qualified or limited by the statute at issue. See, e.g., WIS. STAT. § 802.05 ("Every pleading, motion or other paper of a party represented by an attorney shall ... be subscribed with the handwritten signature of at least one attorney of record in the individual's name.") (emphasis added).
[6] In this regard, we note that the fax transmittal was on a form bearing the attorney's office letterhead and was sent from his office, creating a reasonable inference that counsel had either prepared and sent it himself or authorized someone in his office to send the fax in his name, as signified by his initials.