AFFORDABLE ERECTING, INC.,
Plaintiff-Appellant-Petitioner,

v.

NEOSHO TROMPLER, INC.,
Defendant-Respondent.

Supreme Court

*No. 2004AP2746. Oral argument February 21, 2006.
—Decided June 9, 2006.*

2006 WI 67

(Also reported in 715 N.W.2d 620.)

259

For the plaintiff-appellant-petitioner, there were briefs by *Robert N. Meyeroff* and *Robert Meyeroff Law Office,* Milwaukee, and oral argument by *Robert N. Meyeroff.*

For the defendant-respondent, there was a brief by *Steven P. Bogart, Bridget M. Hubing* and *Reinhart Boerner Van Deuren, S.C.,* Milwaukee, and oral argument by *Steven P. Bogart.*

¶ 1. LOUIS B. BUTLER, JR., J. Affordable Erecting, Inc. ("Affordable") seeks review of a decision by the court of appeals affirming a decision of the Washington County Circuit Court, Honorable Annette K. Ziegler, granting dismissal to Neosho Trompler, Inc. ("Neosho"). The circuit court determined that the mediation agreement met the statutory requirements for a valid settlement under Wis. Stat. § 807.05 (2003–04)[1] because Affordable's attorney signed the document. The circuit court also determined that Affordable was equitably estopped from pursuing its March 2, 2004, claim against Neosho.

¶ 2. The court of appeals determined that the circuit court erred when it decided that there was a settlement agreement under Wis. Stat. § 807.05, but affirmed the circuit court's dismissal by applying the

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

doctrine of equitable estoppel. *Affordable Erecting, Inc. v. Neosho Trompler, Inc.,* 2005 WI App 189, 286 Wis. 2d 403, 703 N.W.2d 737.

¶ 3. We agree with the court of appeals. Although the settlement agreement does not meet the statutory requirements established in Wis. Stat. § 807.05, we conclude that Affordable is nonetheless estopped from pursuing its claim because Neosho has proven that actions and non-actions by Affordable induced reasonable reliance by Neosho to its detriment. We further determine that the record contains no genuine issues of material fact, and no reasonable alternative inferences that can be drawn from undisputed material facts, sufficient to warrant a trial. We therefore affirm the court of appeals.

I

¶ 4. The material facts are not disputed. On March 22, 2001, Affordable and Neosho contracted to have Affordable relocate Neosho's equipment from Hustisford, Wisconsin, to Hartland, Wisconsin. Affordable moved the equipment and demanded payment. According to Neosho, some of Neosho's equipment was damaged during the move due to Affordable's negligence. Neosho therefore refused to pay the $17,877.50 billed by Affordable.

¶ 5. On October 11, 2001, Affordable filed a complaint in Washington County Circuit Court claiming breach of contract by Neosho and requesting approximately $17,900 in damages. Neosho counterclaimed, alleging breach of contract by Affordable and common carrier liability, contending that its equipment was damaged during the move and that it was not obligated to pay Affordable under the terms of their contract.

¶ 6. Both companies' insurance companies became parties to the suit. Acuity, a Mutual Insurance Company and Affordable's insurer ("Acuity"), joined the suit to defend against Neosho's counterclaims. General Casualty Company of Wisconsin ("General Casualty") was permitted to intervene to pursue claims against Affordable as to its liability for damage to Neosho's equipment, which would otherwise be paid under Neosho's General Casualty policy.[2]

¶ 7. On April 4, 2002, Honorable David C. Resheske ordered the four parties to enter into mediation. The parties participated in the court-ordered mediation on May 21, 2003. Affordable's attorney, Phillip J. Eckert, attended the mediation unaccompanied by any other representative from Affordable. The parties appeared to have reached a settlement agreement, with Acuity agreeing to pay $12,500 total, inclusive of all costs, disbursements, attorney fees, and damages: $5,000 to Neosho, $3,500 to Affordable, and $4,000 to General Casualty. The agreement also provided that parties would not bring future claims or lawsuits against one another arising out of the facts and issues from the lawsuit, would release each other from any further liability, and that the settlement would be binding.

¶ 8. Attorneys for Acuity, General Casualty, and Neosho, as well as the owner of Neosho, signed the agreement on May 21, 2003. Affordable's attorney also signed the agreement, but noted that the "Settlement [was] contingent on approval from Tracy Haferkorn [Affordable's owner] by May 22, 2003 [at] 12 p.m."

---

[2] According to the record, General Casualty had paid $10,000 to Neosho for damages that were the subject of its counterclaim against Affordable.

Nothing in the record indicates that Tracy Haferkorn authorized the settlement by noon the following day, as required by the contingency.

¶ 9. According to the circuit court's decision in this case, on May 23, 2003, the circuit court received a letter and a telephone call from the attorney for General Casualty, indicating the case was settled and that a stipulation would be forthcoming. *Affordable v. Neosho,* No. 04CV614, (Washington County Cir. Ct. Sept. 20, 2004).

¶ 10. On May 29, 2003, Acuity issued checks in the amounts agreed to in the May 21 settlement. Acuity mailed the checks, along with releases, stipulations, and orders for dismissal according to the terms of the settlement agreement, on June 4, 2003. Acuity signed the documents on May 28, 2003, and Neosho and General Casualty signed the documents on June 9, 2003, and cashed the checks issued by Acuity. Although Affordable did not sign the documents, Attorney Eckert held Affordable's settlement check in his trust account and did not return the money to Acuity for more than seven months.

¶ 11. An affidavit by Eckert, submitted to the circuit court, indicates that at some point approximately three weeks after the May 22, 2003, 12:00 p.m. deadline, Janice Haferkorn[3] informed Eckert that Affordable approved the settlement. According to the affidavit and Affordable's representations at oral argument, Affordable's acceptance of the settlement terms was communicated to Acuity. Moreover, Eckert called the court and indicated they had signed a stipulation on June 25, 2003. *Affordable v. Neosho,* No. 04CV614, (Washington County Cir. Ct. Sept. 20, 2004). Several

---

[3] Janice Haferkorn is an employee of Affordable and the wife of Affordable's owner, Tracy Haferkorn.

weeks later, Janice Haferkorn retracted this statement, informing Eckert that Affordable would not approve the settlement.

¶ 12. Because the circuit court had received no written settlement agreement from the parties by July 24, 2003, the court notified the parties it would dismiss the case in 20 days unless good cause was shown. Five days later, General Casualty sent a letter to the other parties requesting completion of the formalized settlement.

¶ 13. On August 13, 2003, nearly two years after Affordable filed its original claim, Judge Resheske executed a Dismissal Order for the original case filed in Washington County, finding the matter had not been diligently prosecuted. The court dismissed the case without prejudice.

¶ 14. Following the circuit court's order, on August 18, 2003, Neosho sent a letter to Affordable requesting completion of the formalized settlement.

¶ 15. On December 10, 2003, Affordable hired new counsel and the circuit court signed an order for the substitution of Affordable's attorney.

¶ 16. Approximately eight months after Affordable received the check issued by Acuity pursuant to the terms of the May 21, 2003, settlement agreement, Affordable returned the money to Acuity.

¶ 17. On March 2, 2004, Affordable filed a complaint in Waukesha County virtually identical to its October 11, 2001, complaint, alleging the same facts and making the same claim against Neosho as in its original complaint.[4] Neosho filed a counterclaim, as-

---

[4] The original suit was filed in Washington County. This suit was filed in Waukesha County. However, by stipulation, the second suit was transferred to Washington County.

serting the same arguments as before, as well as a breach of the settlement claim. Neosho also filed a motion to enforce the settlement and dismiss Affordable's claim with prejudice. Affordable responded that it had never approved the settlement, and moved to dismiss the counterclaims on the ground that Neosho released any claims pursuant to the settlement and received payment. The Washington County Circuit Court, Honorable Annette K. Ziegler, granted Neosho's motion and dismissed Affordable's complaint with prejudice, concluding that Affordable and Neosho had entered into a valid and enforceable settlement agreement under Wis. Stat. § 807.05 and also concluding that Affordable was equitably estopped from reasserting its claim against Neosho.

¶ 18. Affordable appealed. On July 6, 2005, the court of appeals reviewed the case as a summary judgment order and, in a published opinion, overruled the circuit court's determination that the mediation agreement complied with Wis. Stat. § 807.05, but affirmed the dismissal, concluding that Affordable was equitably estopped from pursuing the claim.[5]

## II

¶ 19. Although the circuit court granted Neosho's motion to dismiss, because the court relied on information outside the pleadings, like the court of appeals, we review the circuit court's decision as a grant of summary judgment in favor of Neosho. Wis. Stat. § 802.06(3). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and

---

[5] *Affordable Erecting, Inc. v. Neosho Trompler, Inc.*, 2005 WI App 189, ¶¶ 13, 23, 26, 286 Wis. 2d 403, 703 N.W.2d 737.

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Wis. Stat. § 802.08(2). We review summary judgment de novo, viewing the facts in the light most favorable to the non-moving party, Affordable, and making all reasonable inferences in Affordable's favor. *See Johnson v. Rogers Memorial Hosp., Inc.*, 2005 WI 114, ¶ 30, 283 Wis. 2d 384, 700 N.W.2d 27.

¶ 20. We are asked to determine whether the circuit court properly concluded that the statutory requirements of Wis. Stat. § 807.05 were met. In this case, the parties agree that the facts are undisputed. Whether undisputed facts fulfill a statutory requirement is a question of law, reviewed de novo. *Ide v. LIRC,* 224 Wis. 2d 159, 166, 589 N.W.2d 363 (1999).

¶ 21. We are also asked to determine whether equitable estoppel bars Affordable's claim in this case. In general, when the facts are undisputed, or when the facts are disputed and the circuit court's factual findings are not clearly erroneous, this court reviews the application of equitable estoppel de novo. *Randy A.J. v. Norma I.J.,* 2004 WI 41, ¶ 12, 270 Wis. 2d 384, 677 N.W.2d 630 (citing *Milas v. Labor Ass'n of Wisconsin, Inc.,* 214 Wis. 2d 1, 8, 571 N.W.2d 656 (1997)). Because we are reviewing a grant of summary judgment, however, if the facts are disputed, then summary judgment is improper. *Village of Hobart v. Brown County,* 2005 WI 78, ¶¶ 18–21, 281 Wis. 2d 628, 698 N.W.2d 83. On the other hand, if undisputed facts in the record lead to the conclusion that the elements of equitable estoppel are present, and no alternate view of the facts supports a

contrary conclusion, the decision to apply the doctrine of equitable estoppel is within the circuit court's discretion. *Salveson v. Douglas County*, 2001 WI 100, ¶ 38, 245 Wis. 2d 497, 630 N.W.2d 182; *State v. Petty*, 201 Wis. 2d 337, 342, 346–47, 548 N.W.2d 817 (1996).

### III

¶ 22. We begin our analysis of whether the settlement agreement met the requirements of Wis. Stat. § 807.05 by examining the text of that statute. Our analysis begins with the statutory language because we assume the legislature means what it writes. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. The relevant statute states, in full:

> No agreement, stipulation, or consent between the parties or their attorneys, in respect to the proceedings in an action or special proceeding shall be binding unless made in court or during a proceeding conducted under s. 807.13 or 967.08 and entered in the minutes or recorded by the reporter, *or made in writing and subscribed by the party to be bound thereby or the party's attorney.*

Wis. Stat. § 807.05 (emphasis added).

¶ 23. This statute creates additional requirements that must be met in order for an otherwise valid oral agreement to be enforceable "when the agreement is reached in the course of a claim that is in the process of adjudication." *Kocinski v. Home Ins. Co.*, 154 Wis. 2d 56, 67–68, 452 N.W.2d 360 (1990). "An oral contract reached by stipulation in the course of court proceedings is unenforceable unless formalized in the way

required by sec. 807.05." *Id.* The purpose of this rule is "to prevent disputes and uncertainties as to what was agreed upon." *Adelmeyer v. Wis. Elec. Power Co.,* 135 Wis. 2d 367, 372, 400 N.W.2d 473 (Ct. App. 1986) (citations omitted). In this case, because the settlement was not made in court and on the record, Wis. Stat. § 807.05 unambiguously requires the settlement to be memorialized in writing and subscribed[6] by each party or its attorney.

¶ 24. Although the May 21, 2003, settlement agreement was clearly in writing and counsel for Acuity, General Casualty, and Neosho, as well as the owner of Neosho, signed the agreement, when Affordable's attorney signed the agreement, he noted that Affordable's acceptance was contingent on Affordable's owner consenting to the agreement by noon the following day. It is undisputed that this contingency was not met. Therefore, we must determine whether the requirements of Wis. Stat. § 807.05 are satisfied when a party's attorney has signed the agreement but added a contingency that was not fulfilled.

¶ 25. Affordable contends that because the contingency was not met, the circuit court erred when it found the settlement agreement in compliance with Wis. Stat. § 807.05. Neosho asserts that Affordable's attorney assured the other parties involved in the litigation that Affordable would approve the settlement and failed to inform any party that Affordable rejected the settlement until months after all other parties performed all of their obligations. Neosho further asserts that Affordable failed to respond to Acuity's June

---

[6] "[T]he requirement that a name be 'subscribed' is to be distinguished from the requirement that there be a 'signature.' . . . A signature is not required by sec. 807.05." *Kocinski v. Home Ins. Co.,* 154 Wis. 2d 56, 64, 452 N.W.2d 360 (1990).

4, 2003, letter to Neosho, General Casualty, and Affordable, which announced that the case had settled and contained a check for the amount agreed upon at the May 21, 2003, mediation.

¶ 26. The court of appeals agreed with Affordable, concluding that even though Affordable's attorney assured the other parties that Affordable would approve the settlement agreement, "verbal assurances of Affordable's attorney do not satisfy the statutory requirement that an agreement be 'subscribed' by a party or the party's counsel." *Affordable,* 286 Wis. 2d 403, ¶ 13. The court of appeals concluded that the statutory requirements of Wis. Stat. § 807.05 are an exception to the general rule that oral agreements are binding. *Id.,* ¶ 14. We agree with the court of appeals.

¶ 27. This court's reasoning and conclusions in *Kocinski,* 154 Wis. 2d 56, are instructive. In that case, Kocinski's attorney and the attorney for the City of Milwaukee orally agreed to settlement terms during a telephone conversation. *Id.* at 60–61. Kocinski's attorney memorialized their agreement in a letter to the Milwaukee City Attorney. *Id.* The letter indicated that the settlement was contingent on the approval of the Common Council of the City of Milwaukee. *Id.* at 61. However, Kocinski withdrew her consent to the settlement shortly after the offer was mailed to the City Attorney. *Id.* This objection and withdrawal occurred prior to the satisfaction of the contingency, as the Milwaukee Common Council had not yet approved the settlement. *Id.* This court concluded that because Kocinski's revocation was communicated to the City prior to the City's written acceptance, the offer was properly revoked and an enforceable settlement was never reached. *Id.* at 71.

¶ 28. When terms of a contract specify that the contract must be accepted within a particular period of time, the contract must be accepted within the time limit expressed. *Conrad Milwaukee Corp. v. Wasilewski,* 30 Wis. 2d 481, 485–86, 141 N.W.2d 240 (1966) (concluding that acceptance of a contract must be made within the time limit prescribed.); *C.G. Schmidt, Inc. v. Tiedke,* 181 Wis. 2d 316, 321, 510 N.W.2d 756 (Ct. App. 1993) ("Ordinarily, a contract cannot be formed if acceptance does not occur within the time provided in the offer.") (citing *Atlee v. Bartholomew,* 69 Wis. 43, 49–50, 33 N.W. 110 (1887)). In the present case, Affordable's attorney made the May 21, 2003, settlement agreement contingent on Haferkorn's consent by noon the following day. Haferkorn did not consent to the settlement agreement by the deadline created by this contingency. Therefore, because the parties failed to agree to a settlement within the time period expressed by Haferkorn's contingency, the May 21, 2003, settlement is not enforceable.

¶ 29. Moreover, subsequent actions by the parties cannot fulfill the statutory requirements. The court of appeals has previously rejected the argument that a party may "subscribe" to an agreement by his or her conduct. *Laska v. Laska,* 2002 WI App 132, ¶ 11, 255 Wis. 2d 823, 646 N.W.2d 393. The *Laska* court concluded that the plain meaning of the term "subscribe" requires that the parties' assent or approval be formalized on the document itself. *Id.,* ¶ 12 (citing *Kocinski,* 154 Wis. 2d at 67–68). Similarly, this court has declined to elevate a telephone conversation with opposing counsel, where counsel stated that a written stipulation would be filed but never was, to the status of a stipu-

lation conforming to the requirements of the statute. *Sheridan v. Sheridan,* 65 Wis. 2d 504, 512, 223 N.W.2d 557 (1974).[7]

¶ 30. Neither the untimely oral assurances by Affordable's attorney to the other parties, nor its attorney's call notifying the court that a settlement had been reached, satisfy the contingency set forth in the May 21, 2003, agreement. Furthermore, Affordable's subsequent conduct fails to satisfy the statutory requirements that a settlement must be "subscribed" by the party or the party's counsel.[8] *See* Wis. Stat. § 807.05. Because the record contains no valid written settlement agreement properly subscribed by all parties, we conclude that there exists no enforceable settlement agreement under § 807.05.

IV

¶ 31. Concluding that the requirements of Wis. Stat. § 807.05 were not met and therefore no settlement agreement is enforceable against Affordable, we next examine whether Affordable may pursue its March 2, 2004, claim against Neosho.

---

[7] The predecessor statute, Wis. Stat. § 269.46(2)(1973–74), provided:

> No agreement, stipulation or consent, between the parties or their attorneys, in respect to the proceedings in an action or special proceeding, shall be binding unless made in court and entered in the minutes or made in writing and subscribed by the party to be bound thereby or by his attorney.

[8] Even if we were to construe (we do not) a timely oral response as having satisfied the statutory requirements, as the deadline was contained in the written agreement, it is clear that no such response was timely made that satisfied the contingency.

¶ 32. Wisconsin Stats. § 807.05 is rooted in the statute of frauds, which provides that particular contracts will not be enforced unless they are in writing. *Adelmeyer,* 135 Wis. 2d at 371–72. The purpose of requiring certain contracts to be in writing is to "prevent disputes and uncertainties as to what was agreed upon." *Id.* at 372 (citations omitted). Requiring a contract to be in writing, however, "was intended to prevent fraud and perjury, not to give one party or another a technical escape from a fair and definite agreement." *U.S. Oil Co. v. Midwest Auto Care Servs., Inc.,* 150 Wis. 2d 80, 90, 440 N.W.2d 825 (Ct. App. 1989) (footnote omitted). Therefore, even when the statute of frauds requires a contract be in writing, courts will employ the equitable remedy of estoppel in order to avoid an unjust result. *Id.* "When the elements of equitable estoppel are met, the equities of the situation take the transaction out of the statute of frauds, and the contract is enforceable according to its terms." Id. Consequently, although Wis. Stat. § 807.05 requires a settlement agreement to be formalized in a particular manner, we conclude that the doctrine of equitable estoppel can be applied to settlement agreements that fail to meet the requirement of § 807.05 if all elements of the estoppel doctrine are met.

¶ 33. There are four elements of equitable estoppel: (1) action or non-action; (2) on the part of one against whom estoppel is asserted; (3) which induces reasonable reliance thereon by the other, either in action or non-action; (4) which is to the relying party's detriment. *Hobart,* 281 Wis. 2d 628, ¶ 36.

¶ 34. Affordable concedes that the first two elements have been met. We therefore examine whether the undisputed facts, and any reasonable inferences drawn from the undisputed facts in the light most favorable to Affordable, support a finding that the third and fourth elements of estoppel are present, and, if so, whether the circuit court properly exercised its discretion in applying the doctrine.

A

¶ 35. Affordable contends that there is nothing that Affordable did or failed to do that would have induced reasonable reliance by Neosho. According to Affordable, Neosho knew or should have known that there was no valid settlement agreement when Affordable did not consent to the May 21, 2003, settlement agreement by noon on May 22, 2003, as required by Affordable's contingency.

¶ 36. Neosho asserts that it reasonably relied on Affordable's representations that Affordable would agree to the settlement and on the fact that Neosho received a settlement check from Acuity, Affordable's insurer. In addition, Neosho contends it reasonably relied on the fact that Affordable did nothing when Acuity sent the check accompanied by a letter stating that the case was settled, and did nothing when the circuit court dismissed the original case for its failure to prosecute. Together, what Affordable did and did not do, according to Neosho, resulted in Neosho's reasonable reliance that the case had been settled.

¶ 37. The court of appeals agreed with Neosho and found that the circuit court properly determined that Neosho (as well as Acuity and General Casualty)

reasonably relied on the May 21, 2003, settlement agreement. The court of appeals concluded that the facts in the record supported a finding that Neosho reasonably believed Affordable accepted the settlement. *Affordable*, 286 Wis. 2d 403, ¶ 19.

¶ 38. Because this case involves a review of a grant of summary judgment for Neosho, we must make every inference from the undisputed facts in favor of Affordable. Upon review, we conclude that the record supports the conclusions by the circuit court and the court of appeals, which determined that Neosho reasonably relied on Affordable's actions and non-actions.

¶ 39. Affordable's attorney assured Neosho that Affordable would approve the settlement. Affordable also notified its attorney, who notified Acuity, that Affordable accepted the terms of the settlement. In addition, Neosho received a letter from Acuity that announced the case had settled and was accompanied by releases, stipulations, and orders for dismissal, as well as Acuity's payment to Neosho of $5,000, per the terms of the settlement agreement, and Affordable made no efforts to correct or clarify its position regarding the correspondence to Neosho from Acuity. Similarly, Affordable took no action when, almost two years after Affordable filed its original claim, the circuit court warned the parties it would dismiss the case for failure to prosecute, and later dismissed the case because the matter had not been diligently prosecuted.

¶ 40. The actions and non-actions by Affordable lead to only one reasonable inference: that Affordable accepted the terms of the May 21, 2003, settlement. Affordable had knowledge that the other parties were relying upon the settlement agreement, yet made no attempt to clarify its position. This court has previously concluded that a party's failure to act can amount to

acquiescence by silence. *Wisconsin Brick & Block Corp. v. Vogel,* 54 Wis. 2d 321, 328, 195 N.W.2d 664 (1972) (reasoning that the party "had actual knowledge of the sale and knowledge the other parties were relying upon the sale and it made no protest under circumstances when a protest ought to have been made by a reasonable [person]."). When Acuity informed the other parties that the case was settled, Affordable remained silent. When the circuit court notified the parties that it would dismiss the case for failure to prosecute, Affordable remained silent. Affordable remained silent even though it had actual knowledge that the other parties were relying on the settlement agreement.

¶ 41. Reviewing all of Affordable's actions and non-actions together, the only reasonable inference that Neosho could have made was that Affordable accepted the terms of the settlement. We therefore conclude that Neosho reasonably inferred that Affordable had accepted the settlement.

### B

¶ 42. In addition to the requirement that Neosho's belief was reasonable, Affordable's actions or non-actions must have caused Neosho to change its position to its detriment. *Milas,* 214 Wis. 2d at 13.

¶ 43. Although silence or non-action generally cannot be construed as acceptance, *Shearer v. Dunn County Farmers Mut. Ins. Co.,* 39 Wis. 2d 240, 246–47, 159 N.W.2d 89 (1968) (citing *Shakman v. United States Credit Sys. Co.,* 92 Wis. 366, 375, 66 N.W. 528 (1896)), this court has previously concluded that when a party's silence leads others to believe that the offer has been accepted, acceptance may be inferred if the party's conduct causes others to change their position to their

detriment, satisfying the elements of equitable estoppel. *Vogel,* 54 Wis. 2d at 328.

¶ 44. Affordable asserts that Neosho has lost neither time nor resources in defending the original claim because it had only mediated the claim and the claim had not gone to trial, and that mediation conferences often end with no settlement. Affordable also asserts that the approximate ten-month delay in refiling this claim is not detrimental to Neosho.

¶ 45. In contrast, Neosho contends that it relied on Affordable's actions and non-actions to its detriment by foregoing legal alternatives, spending substantial resources litigating the case the first time, and spending additional resources defending against the present claim.

¶ 46. Upon review, we find no view of the facts that reasonably supports Affordable's position. Under the terms of the May 21, 2003, settlement, Neosho accepted $5,000 from Acuity, and agreed not to bring future claims or lawsuits against Affordable arising out of the facts and issues from the lawsuit. This $5,000 payment was $74,000 less than the amount Neosho claimed it was owed by Affordable.[9] Because Neosho believed it had reached a settlement with Affordable, Neosho relinquished all other legal claims, including a suit against Affordable for full restitution.

¶ 47. Moreover, believing that Affordable had agreed to the terms of the settlement, Neosho did not object when the circuit court dismissed the case without

---

[9] According to Neosho's counterclaim filed on April 19, 2004, Affordable caused significant property damage to a lathe, resulting in actual damages in excess of $25,000 to repair the damaged lathe. Neosho further claimed that it sustained additional damages in excess of $54,000.

prejudice for Affordable's failure to prosecute the case. Under Wisconsin law, a dismissal for failure to prosecute should "operate[]as an adjudication on the merits . . . ." Wis. Stat. § 805.03. Neosho did not object to the circuit court improperly dismissing the case without prejudice because Neosho reasonably believed Affordable had agreed to the terms of the settlement. Because the case was dismissed without prejudice, Affordable was not precluded from refiling the same claims, and Neosho has been forced to relitigate the same claims already raised and dismissed for failure to prosecute five years earlier. Neosho has expended numerous additional resources to defend against this second incarnation of the same claims.

¶ 48. The record clearly supports the conclusion that Affordable's actions and non-actions caused Neosho to change its position to Neosho's detriment.

¶ 49. Finding that the record supports the conclusion that all the elements of equitable estoppel have been met, we also conclude that the circuit court did not erroneously exercise its discretion when it applied the estoppel doctrine. Reviewing the record and the trial court's findings, and considering the overall conduct of Affordable, we conclude that the reliance by Neosho was reasonable. Affordable's acts and omissions, such as its failure to object to the settlement checks issued by Acuity, induced Neosho to rely to its detriment. It would be unjust to allow Affordable to now pursue its claims against Neosho. We conclude, therefore, that the trial court properly invoked the doctrine of equitable estoppel.

V

¶ 50. Finally, we address whether summary judgment was appropriately granted. Summary judgment is

appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Wis. Stat. § 802.08(2).

¶ 51. We agree with the court of appeals that the material facts underlying the disputed settlement agreement are that Affordable's attorney included a contingency on the mediated agreement that was never met, and that Tracy Haferkorn never subscribed to the formalized settlement document. *Affordable,* 286 Wis. 2d 403, ¶ 25. As such, we agree that only questions of law remained: (1) "whether the mediated agreement conformed to the requirements for an agreement under Wis. Stat. § 807.05;"[10] and (2) whether the doctrine of equitable estoppel was properly applied by the circuit court to preclude Affordable from proceeding on its claim. Based on our review of the record, because we conclude that there exists no genuine issues of material fact, nor reasonable alternative inferences that may be drawn from the undisputed facts in favor of Affordable's position, we conclude that the circuit court appropriately granted summary judgment in favor of Neosho.

## VI

¶ 52. We conclude that the circuit court properly granted Neosho summary judgment when it determined that Affordable's claim was equitably estopped. Although the settlement agreement does not meet the statutory requirements established in Wis. Stat. § 807.05, Affordable is nonetheless estopped from pursuing its claim because actions and nonactions by

_____

[10] *Affordable,* 286 Wis. 2d 403, ¶ 25.

Affordable induced reasonable reliance by Neosho to Neosho's detriment. The record contains no genuine issues of material fact, and no reasonable alternative inferences that can be drawn from undisputed material facts, sufficient to warrant a trial. We therefore affirm the court of appeals.

*By the Court.*— The decision of the court of appeals is affirmed.